```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 24-MJ-08441-RMM-1


UNITED STATES OF AMERICA              West Palm Beach, Florida
                                      September 16, 2024
         vs.

RYAN WESLEY ROUTH,


                      Defendant(s).    Pages 1 - 10
------------------------------------------------------------

                         INITIAL APPEARANCE
            TRANSCRIBED FROM DIGITAL AUDIO RECORDING
              BEFORE THE HONORABLE RYON M. MCCABE
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE GOVERNMENT:      ADAM MCMICHAEL
                         United States Attorney's Office
                         500 S. Australian Avenue
                         Suite 400
                         West Palm Beach, FL 33401
                         adam.mcmichael@usdoj.gov




FOR THE DEFENDANT(S):    KRISTY MILITELLO
                         Federal Public Defender's Office
                         250 S. Australian Avenue
                         Suite 400
                         West Palm Beach, FL 33401
                         kristy_militello@fd.org




REPORTED BY:             JILL M. WELLS, RMR, CRR, CSR
                         Federal Official Court Reporter
                         701 Clematis Street
                         West Palm Beach, FL 33401
                         jill_wells@flsd.uscourts.gov
```

1  (Case called to order of the court.)

2  THE COURT:  You can be seated.  So we are back in
3  recess.

4  As I mentioned earlier, whoever is in the courtroom
5  right now will remain in the courtroom until this next hearing
6  is done.

7  I'd also like to remind everyone that our local rules
8  prohibit any type of photography.  That includes -- or video or
9  audio recording.  It also prohibits broadcasting.  And we
10 interpret broadcasting to include any form of contemporaneous
11 tweeting, texting, or communication.

12 So if anyone in the courtroom engages in that
13 behavior, they will immediately be removed and perhaps held in
14 contempt of court.  So do not do that.

15 Our next case is United States of America v. Routh,
16 24-MJ-08441.

17 Appearances.

18 MR. MCMICHAEL:  Good morning, your Honor.

19 Adam McMichael, on behalf of the United States.  And
20 present with me is Special Agent Hull from the FBI.

21 THE COURT:  Good morning.

22 Mr. Routh is here in court.  Let's go ahead and swear
23 him in.

24 THE COURTROOM DEPUTY:  Please raise your right hand.
25 Do you swear that the statements you are about to make

1 to this court shall be the truth, the whole truth, and nothing
2 but the truth so help you God?
3      THE DEFENDANT: I do.
4      THE COURTROOM DEPUTY: Please state your full name for
5 the record.
6      THE DEFENDANT: Ryan Wesley Routh.
7      THE COURT: Good morning, Mr. Routh.
8      So you are here for your initial appearance in a
9 federal criminal case. So what I want to do this morning is
10 make sure that you are fully aware of the charges against you,
11 as well as the potential penalties, as well as some very
12 important rights that you have.
13      We started off by you taking an oath. That means you
14 cannot intentionally make any false statements to me. If you
15 did so, you potentially would be committing a crime called
16 perjury which could be punishable by up to five years in
17 prison.
18      Do you understand?
19      THE DEFENDANT: Yes, sir. Yes, your Honor.
20      THE COURT: Do you have a copy of the criminal
21 complaint?
22      THE DEFENDANT: Yes. Yes, your Honor.
23      THE COURT: And by the way, government, do you have a
24 motion to unseal the criminal complaint?
25      MR. MCMICHAEL: Yes. I have offered one up to your

```
 1  bench.  It's there for you.
 2              THE COURT:  The motion will be granted.  So the
 3  complaint is unsealed.
 4              So, Mr. Routh, you have been charged by way of a
 5  criminal complaint with two offenses.
 6              The first is possession of a firearm by a prohibited
 7  person, specifically, a convicted felon, in violation of 18,
 8  U.S.C., Section 922(g).
 9              You have also been charged with possession of a
10  firearm with an obliterated serial number in violation of 18,
11  U.S.C., 922(k).
12              I am not asking you whether you actually did those
13  things.  But do you understand those are the charges that have
14  been brought against you?
15              THE DEFENDANT:  Yes, your Honor.
16              THE COURT:  Now, in terms of penalties, that first
17  charge, possession of a firearm by a convicted felon, carries a
18  maximum offense of 15 years in prison, as well as a $250,000
19  fine, as well as three years of supervised release.
20              That second offense, possession of a firearm with an
21  obliterated serial number, carries a maximum term of
22  imprisonment of five years, as well as a $250,000 fine, as well
23  as three years of supervised release.
24              Do you understand those are the maximum potential
25  penalties that could result from these offenses?
```

1                THE DEFENDANT:  Yes, your Honor.
2                THE COURT:  If you are not a U.S. citizen, a
3    conviction in this case could affect your ability to remain in
4    the United States.
5                Do you understand?
6                THE DEFENDANT:  Yes, your Honor.
7                THE COURT:  If you are not a U.S. citizen, you would
8    have the right to ask the government to let a consular official
9    from your home country know that you have been arrested.
10               Do you understand you have that right if you are not a
11   U.S. citizen?
12               THE DEFENDANT:  Yes, your Honor.
13               THE COURT:  In terms of your rights, of course you
14   have the right to remain silent.  You don't have to say
15   anything in court today or at any time throughout this criminal
16   case.  If you choose to say anything or make any statements,
17   those statements could be used against you in this and other
18   cases.
19               Do you understand?
20               THE DEFENDANT:  Yes, your Honor.
21               THE COURT:  You also have the right to be represented
22   by a lawyer in court today and throughout the rest of this
23   case.
24               If you can't afford to hire your own lawyer, I can
25   conduct an inquiry and ask you some questions to see if you

1   qualify for a free court-appointed lawyer.
2           Are you planning to hire your own lawyer, or do you
3   want me to ask you those questions?
4           THE DEFENDANT:  If you could ask those questions, that
5   would be great.
6           THE COURT:  Prior to your arrest, were you working?
7           THE DEFENDANT:  Yes.
8           THE COURT:  And how much money were you making on a
9   weekly or monthly basis?
10          THE DEFENDANT:  Probably 3,000 a month.
11          THE COURT:  Do you have more than $5,000 saved up
12  anywhere in the world?
13          THE DEFENDANT:  Zero funds.
14          THE COURT:  Do you own any real estate anywhere in the
15  world?
16          THE DEFENDANT:  Zero.
17          THE COURT:  Do you own any vehicles anywhere in the
18  world, like cars or trucks?
19          THE DEFENDANT:  Yes.  I own two trucks in Hawaii, yes.
20          THE COURT:  Where are they?
21          THE DEFENDANT:  In Hawaii.
22          THE COURT:  How much do you think the trucks are
23  worth?
24          THE DEFENDANT:  Probably $1,000 each.
25          THE COURT:  Do you have anybody that relies upon you

```
1   for support like dependents, children?
2            THE DEFENDANT:  My youngest son.
3            THE COURT:  How old is he?
4            THE DEFENDANT:  Twenty-five.
5            THE COURT:  And he is a dependent, relies upon you for
6   support?
7            THE DEFENDANT:  He has a job, but just occasional
8   support.  Not every day, no.
9            THE COURT:  Do you have any other assets, or do you
10  have anything else in the world, like jewelry, or anything that
11  could be worth more than $5,000?
12           THE DEFENDANT:  No, nothing.
13           THE COURT:  Okay.  So you -- from what I am hearing,
14  you have little to no assets, but you were making $3,000 -- did
15  you say monthly?
16           THE DEFENDANT:  Yes, monthly.  Yes, monthly.
17           THE COURT:  But you don't have any money saved up?
18           THE DEFENDANT:  No, I do not.
19           THE COURT:  All right.  I find that you are indigent
20  and qualify for appointment of counsel.  I will appoint the
21  Federal Public Defender's office to represent you.
22           MS. MILITELLO:  Kristy Militello, on his behalf.
23           THE COURT:  So, Mr. Routh, Ms. Militello, from the
24  Public Defender's office, is going to help you today in court.
25  Someone from her office, or, perhaps her, she, will be assigned
```

```
 1  to help you with the rest of the case.
 2           Now, the next important right you have is the right to
 3  a bond hearing, and that's a hearing where I, or another judge,
 4  will decide whether or not you have to stay in custody until
 5  you face these charges or whether you are entitled to be
 6  released on a bond.
 7           Government, what is your position here?
 8           MR. MCMICHAEL:  Your Honor, we are seeking pretrial
 9  detention and three days to prepare for the hearing.  Our basis
10  is risk of flight and danger to the community under Title 18,
11  United States Code, Section 3142(f)(1)(E) because there is a
12  firearm involved in the offense.
13           Additionally, we are seeking pretrial detention under
14  Section 3142(f)(2) as a serious risk of flight as well as a
15  serious risk that this defendant will pose or obstruct -- will
16  pose or attempt to obstruct justice or a witness in the case.
17           THE COURT:  Ms. Militello, what is your position on
18  their entitlement to a hearing, and, if so, your preference for
19  timing?
20           MS. MILITELLO:  We would agree the government is
21  entitled to request a detention hearing and would ask the court
22  to hold the hearing in five days.
23           THE COURT:  Five days.  All right.  I find -- so you
24  can prepare?
25           MS. MILITELLO:  Yes, your Honor.
```

1             THE COURT:  I find that there is good cause to grant
2    the defense request for additional time.  So I will set the
3    pretrial detention hearing for five days, which is what day?
4             THE COURTROOM DEPUTY:  Monday, September 23.
5             THE COURT:  September 23.
6             Government, any particular problem with that date?
7             MR. MCMICHAEL:  No, your Honor.
8             THE COURT:  We are going to have the detention hearing
9    on Monday, September 23.
10            Sir, Mr. Routh, you have been charged so far by way of
11   a criminal complaint.  That means the government has a certain
12   number of days to return an indictment.
13            If they don't return the indictment within that time
14   frame, you are entitled to have a probable cause hearing or a
15   preliminary hearing, we call it.
16            I am going to go ahead and set the probable cause
17   hearing into an arraignment if the government returns the
18   indictment.
19            For what day, Stephanie?
20            THE COURTROOM DEPUTY:  Monday, September 30.
21            THE COURT:  September 30.
22            In addition, I am ordering the government to produce
23   to the defense any evidence that falls within the scope of
24   *Brady v. Maryland* or its progeny.  That includes any evidence
25   tending to show the defendant is not guilty, any evidence that

1  could be used to impeach the government's witnesses, or any
2  evidence that could be used to mitigate punishment.
3          The government must produce this evidence even without
4  a formal demand from the defense.  Failure to do so could
5  result in sanctions including contempt of court or dismissal of
6  the charges.
7          Government, is there anything else we need to cover?
8          MR. MCMICHAEL:  That we retain the pretrial services
9  report in anticipation of the detention hearing next week.
10         THE COURT:  Yes.  Both sides may retain the pretrial
11 services report.
12         Ms. Militello, anything?
13         MS. MILITELLO:  No, your Honor.
14         THE COURT:  Stephanie, anything else?
15         THE COURTROOM DEPUTY:  No, Judge.
16         THE COURT:  Thank you, everyone.  We will be in
17 recess.
18         (Proceedings adjourned.)
19                     C E R T I F I C A T E
20     I hereby certify that the foregoing is an accurate
21 transcription to the best of my ability of the digital audio
22 recording in the above-entitled matter.
23 September 16, 2024       s/ Jill M. Wells
                            Jill M. Wells, RMR, CRR, CSR
24                          Federal Official Court Reporter
                            701 Clematis Street
25                          West Palm Beach, Florida 33401
                            jill_wells@flsd.uscourts.gov