UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

       Plaintiff,

vs.

**RYAN WESLEY ROUTH,**

       Defendant.
_____/

## OMNIBUS ORDER SETTING TRIAL DATE AND ESTABLISHING PRETRIAL INSTRUCTIONS AND SENTENCING PROCEDURES

This case is hereby set for a Criminal Jury Trial at Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Courtroom 4008, Fort Pierce, Florida 34950, during the two-week period commencing **November 18**, **2024**, or as soon thereafter as the case may be called. A Calendar Call will be held at 1:45 p.m. on Tuesday, **November 12**, **2024**, at the same location. Any testing of electronic equipment to be used at trial must take place at the Calendar Call. To that end, the parties are directed to bring to the Calendar Call any equipment intended for use at trial. All pre-trial motions and motions *in limine* must be filed by Friday, **October 18**, **2024**. Each party is limited to filing one motion *in limine*; if there is more than one Defendant, Defendants shall file a combined motion unless a clear conflict of position exists, in which case the parties shall explain that conflict in their individual motions. Motions *in limine* may not, without leave of the Court, exceed the page limits allowed by the Rules, and they must state with particularity the evidence at issue and the legal and factual basis relevant to disposition of the motion.

It is further **ORDERED** as follows:

1. All requests for *Writs ad Testificandum* must be filed no later than 14 business days prior to the first day of the scheduled trial period.

2. **In accordance with Local Rule 88.5, the parties shall file speedy trial reports every twenty-one (21) days following entry of this Order until the time of trial or plea**.

3. All responses pursuant to the Standing Discovery Order and/or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the magistrate judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions. **Any notice submitted pursuant to Federal Rule of Evidence 404(b) must be filed as a motion—not as a notice—and must identify with particularity the evidence to be introduced and the factual and legal basis supporting admission. Responses to such motions are due in accordance with the standard timing set forth in Local Rule 7.1(c).**

4. To the extent required by Local Rule 88.9(a), all motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion.

5. **Prior to Calendar Call**, each party may file on CM/ECF no more than 5 proposed voir dire questions (including any sub-parts) for the Court to consider asking of the venire. Failure to timely file proposed voir dire questions as set forth in this Order will preclude a party's insistence on requesting such questions be asked by the Court except as determined by the Court. **The Court will not permit the backstriking of jurors**.

6. **Prior to Calendar Call**, the parties shall file their proposed jury instructions and verdict form, in a **single joint filing**, on CM/ECF, and separately transmit those materials in Word

format to cannon@flsd.uscourts.gov. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov. **Although the parties need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly, and every instruction must be supported by citation to authority**. Where the parties do not agree on a proposed instruction, the instruction shall be set forth in bold type. Instructions proposed only by the Government shall be underlined. Instructions proposed solely by the defense shall be italicized. Furthermore, the parties should identify, as to each proposed jury instruction, whether the proposed language conforms to the Eleventh Circuit Pattern Jury Instructions. **If a proposed instruction deviates from the Pattern Jury Instructions in any respect, such alteration should be made clear in the filing with a supporting explanation**. To access the latest changes to the Eleventh Circuit's Pattern Jury Instructions, please see https://www.ca11.uscourts.gov/pattern-jury-instructions.

7. **Prior to Calendar Call**, all counsel shall file on CM/ECF lists of proposed witnesses and/or exhibits to be presented at trial. All exhibits to be offered into evidence must be labeled in accordance with the proposed exhibit list. (**Government exhibits are to be designated as GX1, GX2, etc.; defense exhibits as DX1, DX2, etc**.). Counsel should take care to ensure that exhibits are not compound—that is, that each document, to the extent practicable, is identified and marked individually.

8. Additionally, no later than the first day of trial, the Government shall provide the Court with a tabbed binder containing copies of all proposed Government exhibits corresponding to the Government's filed exhibit list.

9. **Any change of plea must be taken prior to 5:00 p.m. on the last business day before trial is scheduled to begin**. *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999).

10. Any motion for a continuance of trial shall (1) set forth in detail which factors constitute grounds for a continuance; and (2) indicate whether the reasons served by granting the continuance outweigh the defendant's constitutional and statutory rights to a speedy trial.

11. The filing by counsel of a "Notice of Unavailability" by motion or otherwise is not provided for under the local rules and shall not be presumed to modify or alter the Court's scheduling order.

12. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel **prior to Calendar Call**. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

13. All anticipated *Jencks Act*[1] material shall be turned over to defense counsel no later than the morning of the first day of trial. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt. For purposes of the record, the signed face sheet must be filed by the government on CM/ECF no later than seven (7) days after the conclusion of the trial.

14. Upon receipt of this Order, defense counsel shall certify with the Court's courtroom deputy whether the Defendant requires the aid of an interpreter. The parties are further instructed to notify the Court, **at least 24 hours prior to any hearings or trial**, if an interpreter is required.

---

[1] 18 U.S.C. § 3500

15. Arrangements for appropriate clothing for defendants in custody must be made with the Bureau of Prisons at least seven (7) days prior to the scheduled trial date.

16. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders; such proposed orders must be filed as attachments to the motions. Furthermore, pursuant to the CM/ECF Administrative Procedures, proposed orders shall be submitted to the Court by e-mail in Word format at cannon@flsd.uscourts.gov.

17. Pursuant to Local Rule 5.3, and consistent with the Eleventh Circuit's Local Rules and Internal Operating Procedures, *see* 11th Cir. R. 11-3, within ten (10) days of the conclusion of a trial or other proceeding, the parties must file via CM/ECF electronic versions of documentary exhibits that the party offered or introduced into evidence, including properly labeled photographs of non-documentary physical exhibits. The parties are reminded to review each of the requirements set forth in Local Rule 5.3.

18. Should this matter proceed to sentencing, the parties are advised to adhere to the following procedures:

    a. If more than thirty (30) minutes is needed for the hearing, counsel shall file a notice estimating the amount of time needed and the number of witnesses to be called no later than seven (7) calendar days prior to the sentencing hearing.

    b. **The Court further orders, consistent with Rule 32 of the Federal Rules of Criminal Procedure, that counsel shall file their Objections, if any, to the DRAFT PSR within fourteen (14) days after disclosure of the DRAFT PSR. The opposing party must file a response no later than seven (7) days thereafter**.

    c. **The Court has discretion not to consider the merits of untimely objections.** *See, e.g.*, *United States v. Edouard*, 485 F.3d 1324, 1351 (11th Cir. 2007); Fed. R.

Crim. P. 32(b)(2) and (i)(1)(D); *United States v. Smith*, 522 F. App'x 564, 565 (11th Cir. 2013).

d.  The Court further orders that all motions for upward or downward departure and/or variance shall be **in writing** and filed at least ten (10) calendar days before the sentencing hearing.  Responses shall be filed at least three (3) before the sentencing hearing.  **The United States is required to file a written response to any defense motion for variance or departure**.

19. **<u>Prohibition on Sealing without Court Approval and Notice on Protective Orders</u>**: Notwithstanding the requirements of Local Rule 5.4(c) and/or any protective order entered into in this case, parties are prohibited from filing anything under seal (other than fee applications pursuant to 18 U.S.C. § 3006A(e)(1)) unless they first seek and obtain permission from the Court via a motion for leave to file under seal.  **<u>The motion for leave shall be filed publicly except in clear cases of security or risk to personal safety</u>**.  The motion for leave shall specify the particularized basis for sealing the proposed material, the proposed duration of the seal request, and the reasons why partial sealing or redaction or means other than sealing are unavailable or unsatisfactory.  **<u>The party seeking authorization to seal material shall not file or otherwise attach the subject material until the Court has ruled on the motion for leave</u>**.  Further, all parties are advised that mere designation of material as confidential and/or otherwise subject to a protective order does not supplant the requirements of the Local Rules on sealing and does not otherwise

CASE NO. 24-80116-CR-CANNON

relieve the party seeking sealing/redaction from justifying that request under applicable legal principles governing the presumption of public access to criminal proceedings.[2]

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 1st day of October 2024.

                                                                                   **AILEEN M. CANNON**
                                                                                    **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[2] A protective order is an agreement between parties. It does not bind the Court. Nor does it displace background legal principles governing the public's right of access under the common law and/or the First Amendment.