UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-80116-cr-AMC</u>

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

    **Defendant.**
_____/

### GOVERNMENT'S UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX UNDER SPEEDY TRIAL ACT AND REQUEST TO HAVE MOTION DEADLINES CANCELLED AND CASE REMOVED FROM THE TRIAL CALENDAR

The United States of America hereby moves the Court for an order designating the above-captioned matter as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(A) and B(ii), and to have the motion deadlines cancelled and case removed from the trial calendar. Undersigned counsel for the United States has consulted with defense counsel of record who indicates that the defense does not object to the instant motion.

### BACKGROUND

On September 24, 2024, an Indictment was returned in the above-captioned matter charging the defendant with attempting to assassinate a major Presidential candidate, in violation of Title 18, U.S.C. § 351 (Count 1); possession of a firearm in furtherance of a crime of violence, in violation of Title 18, U.S.C. § 924(c) (Count 2); assaulting a federal officer, in violation of Title 18, U.S.C. § 111 (Count 3); being a felon in possession of a firearm and ammunition, in violation of Title 18, U.S.C. § 922(g)(1) (Count 4); and possessing a firearm with an obliterated serial number, in violation of Title 18, U.S.C. § 922(k) (Count 5). The Defendant was arraigned on the Indictment on September 30, 2024.

Under the Speedy Trial Act, the Court may properly exclude certain periods of delay in computing the time within which trial must commence. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. A continuance may be granted by any judge upon the court's own motion, or at the request of the defendant or at the request of the attorney for the Government. Id. In considering whether to grant a continuance requested under that provision, one of the factors the Court is to consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for he trial itself within the time limits established by this section.

18 U.S.C. §3161(h)(7)(B)(ii).

Here the Government submits that the case is "unusual and complex" within the meaning of the above statute. The charges in this Indictment stem from the attempted assassination of former President Donald J. Trump on September 15, 2024, when the former President was golfing at Trump International Golf Club in West Palm Beach. The defendant was taken into custody that day, shortly after fleeing from the scene of the crime. The government has worked diligently since September 15 to investigate the incident. Over the past two weeks, the United States has interviewed hundreds of witnesses. It has also executed 13 search warrants in Florida, Hawaii, and North Carolina, and seized hundreds of items of evidence, including multiple electronic devices. Over one hundred subpoena returns are also still pending. From the large volume of electronic devices and other storage media in this case, the United States currently has thousands of videos to review. All videos, still images, text files, and audio files constitute approximately 4,000 terabytes (4 million gigabytes) of digital review to complete.

2

The FBI is also conducting forensic testing on multiple pieces of evidence, including ballistics testing, and fingerprint and DNA comparisons. Based on preliminary results from some of the testing, the government anticipates calling several expert witnesses to testify at trial. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government must provide expert witness disclosures sufficiently in advance of trial to provide the defendant a fair opportunity to meet the government's evidence.

Finally, due to the reactive nature of this prosecution, the investigation of this case is still ongoing. As such, the United States anticipates that it will continue to interview additional witnesses, collect evidence, and obtain additional records pursuant to subpoenas, 2703(d) orders, and search warrants.

## **CONCLUSION**

As discussed above, the volume of evidence collected in this case is substantial and the investigation is ongoing. The Government accordingly requests the Court designate this case as complex under 18 U.S.C. § 3161(h)(7)(A) and (B)(ii). To allow the parties the time needed to adequately review the voluminous discovery and determine which motions need to be filed, the government also requests that the motion deadlines, calendar call, and trial date set forth in the

Court's Omnibus Trail Order (DE 29) be cancelled, and a status conference be set for 60 days from the date of this motion.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:     s/Mark Dispoto
Mark Dispoto
Assistant United States Attorney
Court ID No. A5501143
500 S. Australian Avenue,
West Palm Beach, FL 33401
(561) 209-1032 Office
Mark.Dispoto@usdoj.gov

**CERTIFICATE OF SERVICE AND CONFERRAL**

**I HEREBY CERTIFY** that on October 2, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of Court via CM/ECF. On the same day, the Government conferred with defense counsel of record, who indicated that the defendant does not object to this motion.

/s/Mark Dispoto
Assistant United States Attorney
Mark Dispoto