UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON/McCabe

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

**Defendant.**
_____/

**UNITED STATES' MOTION FOR PROTECTIVE
ORDER REGULATING DISCLOSURE OF DISCOVERY INFORMATION**

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against widespread dissemination of the discovery materials in the above-captioned matter, which will be disclosed to defense counsel.

The United States seeks protections that will not impede the ability of defendant Ryan Wesley Routh (hereinafter "Routh") to prepare for his defense but will protect against the improper dissemination of the discovery materials. The United States respectfully submits that the prevailing legal authority favors this Court's authority to place reasonable limitations on the way the defense may handle and use the discovery materials in this matter – that is, *inter alia*, precluding Routh from possessing discovery materials outside the presence of the defense team unless specifically authorized by the United States.

**INTRODUCTION**

On September 24, 2024, a federal grand jury empaneled in the Southern District of Florida returned a five-count indictment against Routh [ECF No. 21]. The indictment charges him with

1

the attempted assassination of a major Presidential candidate, in violation of Title 18, United States Code, Section 351(c) (Count 1); possessing a firearm during a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) (Count 2); assaulting a federal officer, in violation of Title 18, United States Code, Sections 111(a)(1) and (b) (Count 3); possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count 4); and possession of a firearm with an obliterated serial number, in violation of Title 18, United States Code, Section 922(k) (Count 5) [ECF No. 21].

On September 30, 2024, United States Magistrate Judge Bruce E. Reinhart presided over Routh's arraignment [ECF No. 28]. On this day, Judge Reinhart issued the Standing Discovery Order, which states the following:

> The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10.

[ECF No. 28].

## MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and her counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969). In fact, Rule 16(d)(1) of the Federal Rules of Criminal Procedure permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. Here, the United States does not seek to

delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. Instead, it seeks only to facilitate discovery, while protecting against the improper disclosure of the discovery materials or use of sensitive information, including personal identification information belonging to the victims, witnesses, or other civilians. See e.g., United States v. Fischel, 686 F.2d1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses").

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that information provided pursuant to the order is to be used only for that purpose. See United States v. Gangi, No. 97 CR 1215 (DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); United States v. Salemme, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring the United States to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); see generally United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

## BASIS FOR RELIEF

The investigation into Routh's criminal conduct is ongoing and complex in nature. At this juncture, federal agents have drafted hundreds of reports, compiled hundreds of photographs and body camera footage, and extracted the contents of multiple electronic devices, among other things. In addition to being voluminous in nature, the discovery contains sensitive information

regarding the ongoing investigation, as well as the personal identifying information of civilian witnesses and law enforcement agents involved in this matter.

Of concern is the manner in which the ongoing investigation and prosecution of Routh has generated considerable public interest and media attention. The integrity of the criminal proceedings requires a firm adherence to Rule 16(d)(1) and the Standing Discovery, particularly to prevent the improper dissemination of the discovery materials to influence the public's perception of the matter or unduly interfere with the proper administration of justice. Aside from the media and general public's interest, Routh himself has proven to be someone who desires the spotlight. Within the past few years, Routh self-published a book in which he called for the assassination of Former President Donald J. Trump; exuded condemnation towards the Former President both in public and private messages; attempted to copyright a work of fiction based on his life; drafted multiple letters addressed to various media outlets to discuss his world views; and drafted a separate letter in which he announces a $150,000 bounty for someone to complete his objective of assassinating the Former President.

Additionally, Routh has shown an interest in speaking with the media. For instance, on September 27, 2024, Routh informed his daughter during a phone call from jail that he would like to obtain the addresses for various news agencies, and that the Bureau of Prisons (BOP) denied NBC's request to conduct an interview. Routh then advised that he wanted to mail letters to these news agencies, prompting the daughter to respond that it would not be good for "us" at this time.

All of this lends credence to the United States' good faith belief that discovery materials left in Routh's possession outside the presence of his attorneys would be improperly disseminated to the media and general public for reasons inconsistent with the fair administration of justice and the spirit of the Standing Discovery Order.

## RELIEF SOUGHT

To protect the discovery materials, the United States proposes the following restrictions on the disclosure and use of the discovery materials in this case:

a) Counsel for defendant Ryan Wesley Routh (the "Defendant") shall not provide the material responsive to the Standing Discovery Order to any person except as specified in the Court's Order or by prior approval of the Court.

b) Defense counsel shall possess the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case.

c) Members of the defense team – which include cocounsel, paralegals, legal assistants, expert witnesses, and investigators, but exclude the Defendant – shall possess the material responsive to the Standing Discovery Order only as necessary to prepare the case.

d) Defense counsel shall ensure that the Defendant and any third party that obtains access to the material responsive to the Standing Discovery Order are provided a copy of the Court's Protective Order and must obtain a written certification from each person, excluding those individuals identified in subsection (c), in which the recipient 1) acknowledges these restrictions as set forth in the Court's Protective Order, and 2) agrees that they will not disclose or disseminate the information without express written consent of the Court. Defense counsel shall keep a copy of each certification to identify the individuals who received the discovery and the date on which such information was disclosed. No third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall retain such access or possession unless authorized by the Court. Any third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall promptly return the materials once the third party

no longer requires access to or possession of the material responsive to the Standing Discovery Order to assist in the preparation of the case.

      e) The Defendant shall not maintain discovery materials at the Federal Detention Center or other jail facility without defense counsel present to prevent the purposeful or unintentional dissemination of the discovery. Should the Defendant wish to review discovery materials without defense counsel present, defense counsel should provide the Defendant with properly redacted copies of requested document(s) only after consultation with and approval from the United States.

      f) Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the defendant shall destroy or cause to be destroyed all copies of the material responsive to the Standing Discovery Order, except that they may maintain copies in their closed case files following their ordinary procedures.

      g) Rule 16(d)(2) provides sanctions for failing to comply with the Court's Order that are just under the circumstances. Both parties shall use their best efforts to confer with the opposite parties regarding this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without providing notice to the other party at least five business days in advance.

      h) Nothing in this Order shall prevent any party form seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking a modification from this Court.

      WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order. Pursuant to Local Rule 88.9, the United States has conferred with

opposing counsel regarding this Motion and opposing counsel has advised that they oppose this request.

                                            Respectfully submitted,

                                            MARKENZY LAPOINTE
                                            UNITED STATES ATTORNEY

                    By:  */s/ Mark Dispoto*
                                            MARK DISPOTO
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            500 S. Australian Ave., Suite 400
                                            West Palm Beach, FL 33401
                                            Office: (561) 820-8711
                                            Fax:  (561) 820-8777
                                            Email: mark.dispoto@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver notices of electronic filing to all counsel of record.

*/s/ Mark Dispoto*
MARK DISPOTO
Assistant United States Attorney