UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-80116-CR-CANNON/McCabe

**UNITED STATES OF AMERICA**

vs.

**RYAN WESLEY ROUTH,**

    **Defendant.**
_____/

### UNOPPOSED MOTION TO CONTINUE DISCLOSURE OF EXPERTS PURSUANT TO LOCAL RULE 88.10(o)

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully requests that its disclosure of expert witnesses under Local Rule 88.10(o)(3)(A) be deferred for a period of thirty (30) days from entry of an order on this matter.

### PROCEDURAL BACKGROUND

On September 16, 2024, defendant Ryan Wesley Routh (hereinafter "Defendant") was charged by criminal complaint with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g); and possession of a firearm with an obliterated serial number, in violation of Title 18, United States Code, Section 922(k) [D.E. 1]. On that same day, Defendant had his initial appearance [D.E. 8]. Also on that day, defense counsel filed a notice of appearance [D.E. 9] and a Demand for Disclosure of Expert Witness Summaries [D.E. 11], which referenced a Standing Discovery Order that had not yet been entered by the Court.

On September 24, 2024, a federal grand jury empaneled in the Southern District of Florida returned a five-count indictment against Defendant [D.E. 21]. The indictment charges him with the attempted assassination of a major Presidential candidate, in violation of Title 18, United States

1

Code, Section 351(c) (Count 1); possessing a firearm during a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) (Count 2); assaulting a federal officer, in violation of Title 18, United States Code, Sections 111(a)(1) and (b) (Count 3); possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count 4); and possession of a firearm with an obliterated serial number, in violation of Title 18, United States Code, Section 922(k) (Count 5) [*id.*].

On September 30, 2024, Defendant was arraigned and the Court entered a paperless Standing Discovery Order [D.E. 28]. The United States' initial response to the standing discovery order was due October 17, 2024 [D.E. 39].

## LEGAL AUTHORITY

Local Rule 88.10(o)(3) provides that:

> When discovery concerning expert witnesses has been requested and is required to be made pursuant to Fed. R. Crim. P. 16(a)(1)(G) or Fed. R. Crim. P. 16(b)(1)(C), it shall be made as follows, or at such other time as ordered by the court:
>
> (A) An initial written summary of the anticipated testimony that is subject to disclosure shall be provided to the requesting party within fourteen (14) days of that party's written request pursuant to Fed. R. Crim. P. 16(a)(1)(G)(i) or Fed. R. Crim. P. 16(b)(1)(C)(i), except that the summary need not be provided to the requesting party earlier than fourteen (14) days after the arraignment. That summary must provide a synopsis of: the anticipated opinions, the bases and reasons for those opinions, and either the anticipated expert witness's qualifications, if the particular expert witness has already been selected, or the type of expert witness who will be providing the anticipated testimony.

*Id.* Rule 88.10(o) further provides that:

> [T]he government may request, pursuant to this rule and Fed. R. Crim. P. 16(d) or Fed. R. Crim. P. 16.1(b), that the court exercise its discretion and alter the default deadlines established by this rule. Any such request shall set forth the reasons (for example, to ensure sufficient time to provide effective assistance of counsel, prepare

>     adequately for trial, find and secure an expert witness, or prepare the required expert disclosure) and the factual circumstances that warrant the requested modification of the expert discovery timetable.

*Id.*

## BASIS FOR RELIEF

The Court should exercise its discretion and adjust the Local Rules' default deadlines for expert disclosures by the Government. The investigation into Routh's criminal conduct is ongoing and complex in nature. *Cf.* United States Unopposed Motion to Designate Case as Complex Under Speedy Trial Act [D.E. 30]. At this juncture, federal agents have drafted hundreds of reports, compiled hundreds of photographs and body camera footage, and extracted the contents of multiple electronic devices, among other things. The United States has been working diligently to prepare its initial discovery in this matter for disclosure to Defendant, and expects to make its initial SDO response today. The volume of evidence is significant, however. Additionally, as outlined in the United States' initial response to the Standing Discovery Order, there are several areas of scientific testing and analysis at issue in this matter. That testing and analysis is not complete. For all of these reasons, the United States needs more time to prepare the required expert disclosures. The Government has not yet at this stage determined all the area(s) of expert testimony it may seek to present or the type(s) of experts it may present at a trial, so setting a more realistic timetable will also promote efficiency by avoiding duplicative or inessential disclosures.

## CONCLUSION

For the reasons explained, the United States, respectfully requests that this Court extend the deadline to make disclosures of experts pursuant to Local Rule 88.10(o) for a period of 30 days after entry of an order on this topic.

Pursuant to Local Rule 88.9, the undersigned has conferred with counsel for defendant Ryan Wesley Routh, Assistant Federal Public Defender Kristy Militello, and she advised that she does not object to this request.

                                          Respectfully submitted,

                                          MARKENZY LAPOINTE
                                          UNITED STATES ATTORNEY

By:   /s/ Mark Dispoto
        Court Id. No. A5501143
        John Shipley
        Florida Bar No. 69670
        Christopher B. Browne
        Florida Bar No. 91337
        Assistant United States Attorneys

        U.S. Attorney's Office
        Southern District of Florida
        500 South Australian Ave
        West Palm Beach, Florida 33401
        Telephone: (561) 209-1032
        E-mail: mark.dispoto@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-80116-CR-CANNON/McCabe

**UNITED STATES OF AMERICA**

vs.

**RYAN WESLEY ROUTH,**

     **Defendant.**

     _____/

## ORDER

The United States of America, having applied to this Court for an Order extending the deadline for disclosure of experts pursuant to Local Rule 88.10(o), and the Court finding good cause:

IT IS HEREBY ORDERED that the motion is Granted. The United States shall have until _____, 2024, to provide disclosure of experts consistent with the requirements of Local Rule 88.10(o).

**DONE AND ORDERED** in chambers in Fort Pierce, Florida, this ____ day of October 2024.

_____
HONORABLE AILEEN M. CANNON
UNITED STATES DISTRICT COURT JUDGE

cc:    All counsel of record.

5