UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON/McCabe

**UNITED STATES OF AMERICA**

vs.

**RYAN WESLEY ROUTH,**

    **Defendant.**
    _____/

**GOVERNMENT'S OPPOSITION TO
<u>DEFENDANT'S MOTION TO RECUSE THIS COURT</u>**

The Government opposes the Defendant's Motion to Recuse [ECF 48].[1]  This Court's discretion to recuse from this matter is subject to review only for abuse of discretion. *See, e.g.*, *In re Moody*, 755 F.3d 891, 898 (11th Cir. 2014).  Here, Routh's motion does not cite any authority mandating recusal in these circumstances, and does not present either facts or case law requiring recusal on this record in light of the controlling standard.  Judges are obligated to recuse only when there are proper grounds to do so.  *Id.* at 895.  The Defendant does not present such grounds in his motion. *Compare, e.g.*, *Straw v. United States*, 4 F.4th 1358, 1362 (Fed. Cir. 2021) ("There is no support whatsoever for the contention that a judge can be disqualified based simply on the identity of the President who appointed him."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.  If this occurred the price of maintaining the purity of the appearance

---

[1] The Defendant filed one version of this motion as ECF 46, then filed a Notice striking that version [ECF 47] and replacing it with the version at ECF 48.

of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges. … [O]ur inquiry cannot stop with the questions: have a number of people thought or said that a judge should not preside over a given case? has the judge's failure to recuse himself been a subject of unfavorable comment in the media? or, would the judge have avoided controversy and the need for appellate review had he stepped aside? [] Rather, a charge of partiality must be supported by facts.").

In summary, the Defendant's motion does not present a sufficient legal or factual basis to support a determination that the Court should exercise its discretion to disqualify itself or otherwise recuse.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:   */s/ John Shipley*
       John C. Shipley
       Florida Bar No. 69670
       Christopher B. Browne
       Florida Bar No. 91337
       Mark Dispoto
       Court ID. No. A5501143
       Assistant United States Attorneys

       U.S. Attorney's Office
       Southern District of Florida
       99 Northeast 4th Street, 8th Floor
       Miami, Florida 33132-2111
       Telephone: (305) 961-9111
       E-mail: John.Shipley@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on October 21, 2024.

/s/ John C. Shipley
Assistant United States Attorney