FILED BY ___SP___ D.C.

Oct 22, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| IN RE: TRIAL SUBPOENA<br>NS 1614-10-TS | Case No. 24-80116-CR-CANNON/MCCABE<br>Filed Under Seal |

### APPLICATION FOR ORDER COMMANDING YMAX COMMUNICATIONS CORP. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order YMax Communications Corp. not to notify any person (including the subscriber or customer of the account listed in the subpoena) of the existence of the attached subpoena until one (1) year from the date of the Order.

YMax Communications Corp. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States will serve the attached subpoena, which requires YMax Communications Corp. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

The subpoena referred herein relates to an ongoing investigation into Ryan Routh's (hereinafter "ROUTH") attempted assassination of a major Presidential candidate that occurred on September 15, 2024. Specifically, agents have learned that the phone number which is the subject of this subpoena was in contact with ROUTH prior to his arrest. To date, agents have been unable to identify the user of that phone.

Since his arrest, ROUTH has spoken to his daughter from jail and asked her to contact two individuals, M.R.W. and M.A., via WhatsApp because they are trying to do a meeting in Ukraine. When the daughter advised that she could not access ROUTH's WhatsApp because law

enforcement seized his phones, ROUTH asked if she could go to T-Mobile and obtain another phone with his number. She responded in the negative. She stated that the "feds won't allow that" and "they" are monitoring everything. She advised that she could do it "my way" on "my WhatsApp" but admitted that she did not know how. ROUTH then asked if she could look up M.A. on WhatsApp and talk to him. He then referred to M.R.W. as the other "major partner." ROUTH then stated that he would like to obtain the addresses for various news agencies, but the Bureau of Prisons (BOP) denied NBC's request to conduct an interview. ROUTH then advised that he wanted to mail letters to these news agencies, prompting the daughter to respond that it would not be good for "us" at this time. ROUTH then circled back to M.A. and advised that M.A. could provide M.R.W.'s phone number to the daughter. ROUTH requested that his daughter be his voice for the media and his "followers". ROUTH then stated that "we have to win this election for me to come home" and "winning this election is paramount to my future."

Therefore, disclosure of the attached subpoena may alert Routh and others to the ongoing investigation. Accordingly, notification of the existence of the attached subpoena may seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing YMax Communications Corp. not to disclose the existence or content of the attached subpoena until one (1) year from the date of the Order, except that YMax Communications Corp. may disclose the attached subpoena to an attorney for YMax Communications Corp. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed for a period of one (1) year. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on October 22, 2024.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: *Mark Dispoto*
Mark Dispoto
Assistant United States Attorney
Court Id. No. A5501143
United States Attorney's Office
500 South Australian Avenue
West Palm Beach, FL 33401
Telephone: 561-209-1032
Email: mark.dispoto@usdoj.gov