UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

RYAN WESLEY ROUTH,
    Defendant.
_____/

## DEFENDANT RYAN ROUTH'S REPLY IN SUPPORT OF HIS MOTION TO RECUSE THE HONORABLE JUDGE AILEEN M. CANNON

In a filing less than two pages long, the government opposes Mr. Routh's motion to recuse this Court. (DE 52). However, the government's filing does not meaningfully respond to the motion, let alone provide any basis for this Court to deny it.

1.    Curiously, the government's response begins by stating that "[t]his Court's discretion to recuse from this matter is subject to review only for abuse of discretion." This opening sentence is irrelevant at best and misleading at worst.

It is irrelevant because "abuse of discretion" is a standard of review that an *appellate* court would use in the event this Court denies Mr. Routh's motion. But it is not the standard that *this Court* must use to evaluate the motion. Rather, the controlling standards are set out in Mr. Routh's motion. (DE 48:2–5). The government's response does not mention any of them. And because those legal standards were all taken verbatim from binding precedents of the Supreme Court

1

and the Eleventh Circuit, the government does not dispute their accuracy—at least not directly.

The government's opening (and also final) sentence, however, misleadingly suggests that recusal is a purely "discretionary" matter. To the contrary, the federal recusal statute speaks in mandatory terms: "[a]ny . . . judge . . . of the United States *shall* disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (emphasis added). In accordance with the statutory text, binding precedent establishes that, notwithstanding the abuse of discretion standard of appellate review, § 455(a) "*requires* a judge to exercise [her] discretion in favor of disqualification if [she] has any question about the propriety of [her] sitting in a particular case." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111–12 (5th Cir. 1980) (emphasis added). Indeed, contrary to the government's suggestion, § 455(a) did "away with the old 'duty to sit' doctrine and requires judges to resolve any doubts they may have in favor of disqualification." *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989). The government ignores this binding precedent.

2. The government asserts that Mr. Routh cites no authority mandating recusal under these circumstances. But this assertion fails both legally and factually.

Legally, the government fails to acknowledge that "[r]ecusal decisions under § 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation omitted).

2

Despite citing the *Moody* decision, the government ignores this key proposition, which establishes that Mr. Routh need not identify a case that is factually analogous to this one.

After all, the facts here are unprecedented. To briefly recap: a former President, Mr. Trump, is the alleged victim in this criminal case; Mr. Trump appointed Your Honor to the federal bench; this Court previously presided over cases where Mr. Trump was a party and issued some rulings that were favorable to him, including one dismissing a criminal case against him; while on the campaign trail, Mr. Trump has repeatedly and publicly praised this Court and its rulings; Mr. Trump would have authority to appoint Your Honor to a position of power were he to become President again; and given the low odds of this Court being assigned three cases involving Mr. Trump, some have questioned whether the cases have been assigned at random.

Despite vaguely referring to the "circumstances" of this case, the government does not actually identify them, let alone acknowledge how unique they are. The government likewise asserts, in a conclusory manner, that the motion does not present "proper grounds" for recusal. But, again, the government does not identify what those grounds are. Rather than directly address them, the government simply cites three cases. Contrary to the government's suggestion, these cases do not defeat the motion.

*First*, the government cites an out-of-circuit case for the proposition that a judge should not recuse "*based simply* on the identity of the President who appointed"

3

her. (DE 52:1) (quoting *Straw v. United States*, 4 F.4th 1358, 1362 (Fed. Cir. 2021) (emphasis added)). But Mr. Routh's motion pre-emptively acknowledged as much, stating: "By itself," the fact that Mr. Trump appointed Your Honor to the bench "is by no means disqualifying." (DE 48:5). Rather, Mr. Routh merely argued that this fact must be considered as one factor along with the other grounds for recusal. This is not the ordinary situation where a Judge is evaluating an official policy adopted by the President who nominated her. Rather, Mr. Trump is the alleged victim of an assassination attempt; he thus has a *personal* stake in the outcome. And in the mind of the public, that Mr. Trump appointed Your Honor may add to the appearance of partiality given that he has publicly praised Your Honor for rulings in his earlier case; and were Mr. Trump to become President again, he would have authority to elevate Your Honor to a federal appellate court (including the U.S. Supreme Court) or to high-ranking positions in the Executive Branch. *See, e.g.*, Katherine Faulders, et al., *Judge Who Tossed Trump's Classified Docs Case on List of Proposed Candidates for Attorney General*, ABC News (Oct. 22, 2024); Jess Bravin & C. Ryan Barber, *Trump Loyalists Push for a Combative Slate of New Judges*, Wall St. Journal (Oct. 14, 2024).

*Second*, the government cites the proposition that, "[o]rdinarily, a judge's ruling in the same or a related case may not serve as the basis for a recusal motion." (DE 52:1) (quotation omitted). To be sure, the general rule is that "[a]dverse rulings *alone* do not provide a party with a basis for holding that the court's impartiality is in doubt." *United States v. Berger*, 375 F.3d 1223, 1228 (11th Cir. 2004 (quotation

4

omitted; emphasis added). But there is an "exception to this general rule." *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993). And, more importantly here, nothing precludes courts from considering judicial rulings in combination with other factors. Contrary to the government's suggestion, Mr. Routh's motion did *not* argue that recusal is required based solely on this Court's earlier rulings in Mr. Trump's cases. Rather, the motion referred to the Court's rulings in Mr. Trump's cases primarily because Mr. Trump benefitted from those rulings and then publicly praised them (and this Court) on the campaign trail. At no point does the government deny these facts. Indeed, the government inexplicably ignores this aspect of the motion.

*Third*, the government cites the general proposition that an appearance of partiality must be "supported by facts," not by "unsupported, irrational, or highly tenuous speculation." (DE 52:1–2) (quotation omitted). Mr. Routh agrees. That is why his motion is based not on speculation but facts: Mr. Trump appointed Your Honor to the bench; Mr. Trump has repeatedly and publicly praised the Court's favorable rulings; he would have authority to promote Your Honor were he to become President; and the odds of this Court being randomly assigned three cases involving Mr. Trump were low. Again, the government does not dispute any of these underlying facts.

\*   \*   \*

In short, the government does not accurately set forth the controlling legal standards governing Mr. Routh's motion. It does not dispute any of the objective (and unique) facts upon which his motion is based. And its conclusory response, consisting

5

of three inapt citations, otherwise fails to explain why the undisputed facts of this case might reasonably create an appearance of partiality in the mind of the public.

3. Finally, there is one new, additional matter that Mr. Routh must raise.

After Mr. Routh filed his motion, the government advised defense counsel for the first time that one member of the prosecution's team—Christopher Browne of the Justice Department's National Security Section in Miami—attended high school with Your Honor, and Your Honor attended Mr. Browne's wedding nine years ago. It is unclear why the government believed that this information was important enough to share with defense counsel but not important enough to include in its response. And it is unclear why, despite hundreds of able prosecutors in this District and around the country, the government elected to staff its team in this high-profile case with a prosecutor who enjoys a longstanding, personal relationship with the presiding judge. In the mind of the public, this fact could further add to the appearance of partiality.

## CONCLUSION

Mr. Routh respectfully requests that the Court recuse from this case.

Respectfully submitted,

HECTOR A. DOPICO
Federal Public Defender

*s/ Kristy Militello*
Kristy Militello
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 0056366
250 South Australian Ave., Suite 400
West Palm Beach, Florida 33401
(561) 833-6288 – Telephone
Kristy_Militello@fd.org

*s/Renee M. Sihvola*
Renee M. Sihvola
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar Number: 116070
250 South Australian Ave., Suite 400
West Palm Beach, Florida 33401
(561) 833-6288 - Telephone
Renee_Sihvola@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Kristy Militello*
Kristy Militello