UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**RYAN WESLEY ROUTH**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL

**THIS CAUSE** comes before the Court upon Defendant Ryan Wesley Routh's Motion to Recuse the undersigned (the "Motion"), filed on October 17, 2024 [ECF No. 48]. Defendant presumes my impartiality as a judicial officer but argues that recusal is warranted under the catch-all provision of the federal recusal statute, 28 U.S.C. § 455(a), and the Due Process Clause [ECF No. 48]. This is so, Defendant states, because a combination of circumstances creates an "appearance of partiality" due to the "unique facts and circumstances of this case" and my purported "relationship to the alleged victim" [ECF No. 48]. The United States opposes the Motion, maintaining that Defendant has failed to present a sufficient basis in law or fact to warrant recusal [ECF No. 52]. In Reply, Defendant reiterates his previously articulated arguments and advises of an additional matter which he states "could further add to the appearance of partiality"—namely, that I attended high school with one of the prosecutors in this case and attended his wedding nine years ago during my service as an Assistant United States Attorney in this district [ECF No. 62 p. 6].

Upon full review of the Motion, and fully advised in the premises, I see no proper basis for recusal. The Motion [ECF No. 48] is therefore **DENIED**.

## LEGAL STANDARDS

Under the catch-all provision of the federal recusal statute on which Defendant relies, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[W]hat matters under § 455(a) 'is not the reality of bias or prejudice but its appearance.'" *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)); *see also Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 541 U.S. 913, 924 (2004); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009). "This inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp.*, 530 U.S. at 1302. Further, "[t]he decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney*, 541 U.S. at 914 (quoting *Microsoft Corp.*, 530 U.S. at 1302); *see id.* at 916 (referencing consideration of "established principles and practices" in recusal inquiry).

The Due Process Clause does not set forth a specific test governing recusal, but due process guarantees "an absence of actual bias on the part of the judge." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (internal quotation marks omitted). "Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)); *see also Williams*, 579 U.S. at 4.

## DISCUSSION

Defendant cites a series of factors which he believes, when viewed in their totality, create an appearance of partiality. None warrants recusal, whether examined individually or together.

First, Defendant notes the historical fact that I was nominated to serve as a United States District Judge by the alleged victim in this case, former President Donald J. Trump, and later confirmed by the United States Senate. *See* U.S. Const. art. II, § 2. As Defendant correctly acknowledges, "this fact is by no means disqualifying" [ECF No. 48 p. 5]. Indeed, it is understood that appointment to the bench by a litigant, or in this case by an alleged victim, does not, without more, "create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that [the judge's] ability to carry out judicial responsibilities with integrity, impartiality, and competence would be impaired." *In re Exec. Off. of President*, 215 F.3d 25, 25 (D.C. Cir. 2000). This principle does not change because of the "unprecedented nature of this scenario," as Defendant notes, or because a judge's rulings "are likely to face intense public scrutiny" [ECF No. 48 pp. 1, 6].

Second, Defendant argues that recusal is warranted because former President Trump has made various public statements about me [ECF No. 48 pp. 6–8; ECF No. 62 p. 5]. As Defendant acknowledges, I have no control over what private citizens, members of the media, or public officials or candidates elect to say about me or my judicial rulings [*see* ECF No. 48 p. 7]. Nor am I concerned about the political consequences of my rulings or how those rulings might be viewed by "some in the media" [ECF No. 48 p. 7]. I have never spoken to or met former President Trump except in connection with his required presence at an official judicial proceeding, through counsel. I have no "relationship to the alleged victim" in any reasonable sense of the phrase [ECF No. 48 p. 1]. I follow my oath to administer justice faithfully and

impartially, in accordance with the Constitution and the laws of this country. 28 U.S.C. § 453. And Defendant has identified no practice, much less an established practice, warranting a judge's recusal because a party, witness, or alleged victim in a judicial proceeding makes public statements—positive or negative—about a judge who lacks any control over such statements.

Third, Defendant makes speculative references to the "prospect of a judicial promotion," suggesting that such a prospect "could arguably affect this Court's ability to be impartial in this case" [ECF No. 48 p. 8]. "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed"—"not as they were surmised or reported." *Cheney*, 541 U.S. at 914. Equally important, a judge should not recuse herself based on "highly tenuous speculation," *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986), or operate on "rumors" and "innuendos" in publicized cases, *id.* (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)). Stripped of such speculation, the Motion fails to cite any objective facts warranting a reasonable inference of partiality or bias under applicable legal principles.

Fourth, pointing to media rumors, Defendant says that "[r]ecusal would remove any public perception that Mr. Trump's cases have [been] assigned to this Court in a non-random manner" [ECF No. 48 p. 9; *see* ECF No. 62 p. 3]. This presents no ground for recusal. Recusal is an objective inquiry from the perspective of a "reasonable observer *who is informed of all the surrounding facts and circumstances*." *Microsoft Corp.*, 530 U.S. at 1302 (emphasis added). This case, like the prior cited cases involving former President Trump, were randomly assigned to me through the Clerk's random case assignment system. Period. I will not be guided by highly inaccurate, uninformed, or speculative opinions to the contrary. *Greenough*, 782 F.2d at 1558 ("[A] judge, having been assigned to a case, should not recuse himself on unsupported,

irrational, or highly tenuous speculation. If this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges.").

Fifth, Defendant refers to two judicial proceedings in which, quoting from the Motion, I issued "some rulings that were favorable" to former President Trump [ECF No. 62 p. 3]. As Defendant agrees, however, a judge's rulings in "the same or a related case" generally do not serve as the basis for a recusal motion. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990); [*see* ECF No. 62 p. 4]. An exception to this general rule exists when the movant demonstrates "pervasive bias and prejudice." *Id.* (internal quotation marks omitted); *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993), *as modified* (Sept. 30, 1993), *aff'd*, 218 F.3d 1305 (11th Cir. 2000) (en banc). To the extent this case can even be said to qualify as a "same or related" case as compared to the cited cases involving former President Trump—a strained assumption to begin with—the Motion presents no facts or law warranting a departure from the general rule of no recusal, much less the "pervasive bias and prejudice" necessary to trigger the exception to the general rule.[1]

---

[1] The first case was a civil action in which former President Trump, as Plaintiff, sought the return of property in a pre-indictment posture and other related relief, including the appointment of a special master to review materials seized by federal law enforcement officials following a search of his residence in connection with a criminal investigation. *See* S.D. Fla. No. 22-81294-CANNON. That case was dismissed for lack of jurisdiction in December 2022 following the Eleventh Circuit's decision vacating my exercise of equitable jurisdiction. *See Trump v. United States*, 54 F.4th 689 (11th Cir. 2022). The second case, currently on appeal, is a criminal proceeding in which former President Trump is charged with unlawful retention of classified information and various obstruction-related offenses stemming, in part, from documents seized during the prior search of his residence. *See* S.D. Fla. No. 23-80101-CANNON. The instant case, by contrast, presents obviously distinct charges and allegations involving the attempted assassination of former President Trump as a major presidential candidate, along with additional firearm-related allegations [ECF No. 21 (Indictment)]. Defendant offers nothing to suggest that the presence of a common party or alleged victim, standing alone, warrants a "same or related" case designation for purposes of recusal or any other analysis. *Cf.* Fed. R. Crim. P. 8 (addressing

Finally, Defendant identifies as an "additional matter" that I went to high school in the 1990s with one of the prosecutors assigned to this case and attended his wedding nine years ago while serving together as Assistant United States Attorneys in this district [ECF No. 62].[2] This factor does not supply a basis from which a reasonable observer—equipped with all of the facts and circumstances—would question my impartiality. I maintained a professional friendship with the stated prosecutor during my time as a prosecutor (2013–2020), as I did with other colleagues within the United States Attorneys' Office. As part of that professional friendship, I attended his wedding nearly a decade ago. I maintain no ongoing personal relationship with the prosecutor, nor have I communicated with him in years. In short, my personal friendship years ago with the prosecutor has no bearing or influence whatsoever on my impartial handling of this case or any other case in which he may appear as counsel of record. Nor has Defendant cited any authority to support the notion that a judge with former government service should recuse from a matter because, years later, a former colleague with whom the judge maintained a professional friendship appears in a case before her. That broad rule, absent more, would be destabilizing, and in any event, it does not supply a basis on this record to support disqualification.

---

joinder of offenses or defendants where offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan"); Fed. R. Civ. P. 42 (permitting consolidation of actions "involv[ing] a common question of law or fact"); S.D. Fla. I.O.P. 2.15.00 (addressing transfer of similar actions "[w]henever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor").

[2] I graduated from a Florida high school in 1999. I believe the prosecutor graduated in 2000.

CASE NO. 24-80116-CR-CANNON

## CONCLUSION

Upon a full review of the Motion, the specific factual circumstances presented, and the applicable law, I see no valid basis for recusal under 28 U.S.C. § 455 or the Due Process Clause.[3]  The Motion [ECF No. 48] is accordingly **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 29th day of October 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

---

[3] Defendant focuses the Motion on the catch-all provision in 28 U.S.C. § 455(a), referencing the Due Process Clause in general terms.  Insofar as additional analysis is required to address the Due Process Clause specifically, the record contains no objective evidence of any actual bias or probability of actual bias.  *See, e.g.*, *Rippo*, 580 U.S. at 287.