UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN WESLEY ROUTH

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO CONTINUE TRIAL AND ESTABLISHING PRETRIAL DEADLINES

**THIS MATTER** comes before the Court upon Defendant's Motion to Continue Trial and Revise Scheduling Order ("Motion") [ECF No. 82]. Trial is currently scheduled to begin on February 10, 2025, continued from an initial trial setting of November 18, 2024 [ECF Nos. 29, 51]. Defendant now seeks a trial date "no earlier than December 2025," citing "discovery delays," an "extraordinary volume of discovery," "need [for] sufficient time to review discovery and evaluate potential defenses," and "logistical difficulties" associated with his detention at FDC Miami [ECF No. 82]. The United States filed an Opposition to the Motion in which it rebuts Defendant's various justifications for the extended continuance; urges a prompter trial to respect the rights of victims and curtail Defendant's "ongoing attempts to taint the jury pool;" and seeks firm deadlines for pretrial motions and various defense disclosures, including mental health disclosures mandated by Fed. R. Crim. P. 12.2 [ECF No. 85]. The Court heard argument on the Motion during a status conference on December 11, 2024 [ECF Nos. 88–89].

Fully advised in the premises, the Motion is **GRANTED IN PART** in accordance with the deadlines set forth below.  Trial is set to begin during the two-week period commencing on **September 8**, **2025**, in accordance with the schedule set forth below.  The Court finds that the interests of justice served by this continuance outweigh the best interest of the public and Defendant in a speedy trial and shall be excludable time under the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(A).  The Court also finds that this continuance does not amount to "unreasonable delay" under the Crime Victims' Rights Act.  18 U.S.C. § 3771(a)(7).

## PROCEDURAL HISTORY

On September 24, 2024, a grand jury in this District returned an Indictment charging Defendant with the following five offenses: (1) attempted assassination of a major presidential candidate, in violation of 18 U.S.C. § 351(c); (2) possession and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); (3) assault of a federal officer, in violation of 18 U.S.C. § 111(a)(1) and (b); (4) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and (5) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) [ECF No. 21].  Defendant is represented by two Assistant Federal Public Defenders [ECF Nos. 9, 13].

Trial was initially set to begin on November 18, 2024, but was continued for ninety days following an unopposed Motion by the United States to cancel pretrial and trial deadlines due to the ongoing nature of the reactive investigation and the voluminous nature of discovery [ECF Nos. 29–30, 36].[1]

---

[1] In that initial motion, the United States sought a complex case designation pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), but the Court denied the request because the record lacked—and still lacks—features warranting such a designation [ECF No. 51].

Since return of the Indictment, and following entry of a Protective Order that now affords Defendant broad access to discovery with minimal restrictions [ECF Nos. 43, 63–64, 67, 69], the United States has filed five responses to the Standing Discovery Order with accompanying indices detailing the discovery produced [ECF Nos. 49, 71, 73, 80, 90].[2] The United States has also met its initial expert disclosure obligations and filed a Discovery Status Report outlining its efforts to promptly obtain and produce discovery following Defendant's arrest on September 15, 2024 [ECF Nos. 72, 76]. There is no indication that the United States has delayed discovery or failed to comply with its continuing discovery obligations.

In the meantime, the United States has made demands for reciprocal discovery, *see* Fed. R. Crim. P. 16(b)(1); has attempted to commence discussions with defense counsel concerning potential stipulations; and has endeavored to schedule a scene inspection with defense counsel [ECF No. 85]. As of the status conference held on December 11, 2024, defense counsel had not meaningfully responded to these requests or provided a timetable for doing so, citing a need for additional time to download and review discovery and other case-load demands [*see* ECF No. 89].

This leads us to the present day. The United States filed its most recent discovery response on December 20, 2024, transmitting what appears to be all of the outstanding discovery as discussed during the status conference, including body worn camera footage, recent interviews, and additional jail communications [ECF No. 90-1]. Defendant has not filed any notice of defense or expert disclosure but indicates that mental health evaluations are ongoing to assess a potential insanity defense and competency evaluation. *See* Fed. R. Crim. P. 12.2.

---

[2] The United States agreed to modify its initial Protective Order proposal to accommodate Defendant's request to keep and review discovery materials while in custody [*see* ECF No. 85 p. 7].

## DISCUSSION

Upon review of the full record, and following the status conference held on December 11, 2024, the Court determines that a continuance of trial from the current setting of February 10, 2025, is warranted to accommodate what both parties agree is substantial discovery in this case. Defendant's request for an extended trial date "no earlier than December 2025," however, is excessive given the facts and circumstances. Several factors inform this conclusion and buttress the Court's decision herein.

- First, notwithstanding Defendant's hints to the contrary, the United States has complied with its discovery obligations, and there is no indication of any unreasonable delays or cause for concern in the United States' production of discovery.

- Second, although discovery is substantial due largely to the high number of electronic devices seized in this case (many from Defendant himself), the schedule afforded below more than accounts for review of such devices and of discovery in general, including any discovery currently held outside of this jurisdiction.

- Third, although Defendant needs adequate time to evaluate and prepare pretrial motions, nothing in the present record leads the Court to believe that any such motions will involve unusual complexity or require prolonged preparation or adjudication.[3] That said, the

---

[3] In response to the Court's inquiry on this subject, defense counsel made generalized references to the legality of Count 1, which charges Defendant with intentionally attempting to kill a major presidential candidate [ECF No. 89 pp. 44–45, 58–59; ECF No. 21 p. 1]. *See* 18 U.S.C. § 351(c). Although prosecutions under 18 U.S.C. § 351(c) are not common, federal prosecutions for murders and attempted murders of federal officers and employees are not uncommon, *see, e.g.*, 18 U.S.C. § 1111–1114; Eleventh Cir. Jury Pattern Jury Instructions O47, O48, and Defendant has not presented a basis to believe that Count 1 (or any of the charges in the Indictment) will generate novel or thorny legal questions.

timetables contained in this Order build in ample time for preparation and resolution of pretrial motions.

- Fourth, Defendant is under pretrial detention at FDC-Miami rather than at a facility in West Palm Beach or Saint Lucie County, but Defendant is by no means impeded from consulting with counsel during his pretrial detention. Nor is there any basis to believe that Defendant is hampered in his ability to review non-prohibited discovery materials while in custody.[4]

- Fifth and finally, although defense counsel represents a need to complete ongoing mental health screening, that process must be completed without delay to facilitate a speedy trial as required by the Speedy Trial Act and the Crime Victims' Rights Act. 18 U.S.C. § 3771(a)(7).

For these reasons, taking due account of the parties' interests and the full record—and erring on the side of additional time as requested by Defendant given the seriousness of the allegations and the statutory penalties upon conviction [*see* ECF No. 89 p. 59; ECF No. 21 p. 7]—the Court sets the following pretrial and trial deadlines.[5] The parties are reminded to comply in all respects with the Federal Rules of Criminal Procedure, the Local Rules, and the instructions in the Court's Order Setting Trial [ECF No. 29] except as superseded by this Order. Sanctions for noncompliance will be governed by the Federal Rules and applicable caselaw.

---

[4] Additional sensitive details concerning Defendant's detention and access to counsel are set forth in a sealed Supplement to this Order.

[5] This schedule also accommodates counsel's representations regarding pre-planned summer vacations [ECF No. 89 pp. 56–58].

CASE NO. 24-80116-CR-CANNON

## SCHEDULE

1. Any notice of an insanity defense, notice of expert evidence of a mental condition, or motion for mental competency or for relief related to Defendant's mental condition is due on or before **February 3**, **2025**. *See* Fed. R. Crim. P. 12.2. This deadline is necessary to ensure a just, orderly, and speedy trial and is reasonable given the procedural history of this case, indicted on September 24, 2024 [ECF No. 1].

2. To the extent necessary, on or before **February 3**, **2025**, the United States shall complete and/or supplement its expert disclosures.

3. A scene visit, if requested by defense counsel, shall take place on or before **February 27**, **2025**.

4. The United States shall file a discovery status report on or before **March 3**, **2025**.

5. A status conference shall be held at **11 a.m.** on **March 7**, **2025**, in the Fort Pierce Division.

6. Defendant's expert disclosures (outside of mental health disclosures mandated by Fed. R. Crim. P. 12.2 and subject to paragraph 1 above) are due on or before **March 28**, **2025**. *See* Fed. R. Crim. P. 16(b).[6]

7. All pretrial motions are due on or before **April 7**, **2025**.

8. Hearings on any unresolved pretrial motions are reserved for **May 14–15**, **2025**, in the Fort Pierce Division, starting at **9:30 a.m**.

9. Defendant's non-expert disclosures are due on or before **June 6**, **2025**. *See* Fed. R. Crim. P. 16(b)(1)(A)–(B).

---

[6] This deadline, and related deadlines set forth in this Order, go well beyond the date by which Defendant's reciprocal obligations were triggered in this case but are crafted as such to ensure ample time for defense discovery review and expert evaluation [*see* ECF No. 89 pp. 18–19].

10. A Joint Report on Trial Stipulations shall be filed on or before **June 13**, **2025**, following meaningful conferral by the parties. Any disagreements must be denoted separately.

11. A Joint Report on Jury Selection Procedures and Proposals is due on or **June 13**, **2025**, following meaningful conferral. This filing should come accompanied by a Joint Proposed Juror Questionnaire, with any disagreement noted separately.

12. The following trial items are due on or before **July 28**, **2025**:

    a. United States' Exhibit List

    b. United States' Witness List

    c. Parties' proposed voir dire questions, filed separately, not to exceed ten questions per side (including sub-parts).

    d. Proposed Jury Instructions [ECF No. 29 p. 29 pp. 2–3 (detailing instructions)].[7]

13. A pretrial conference is set for **11 a.m.** on **August 8**, **2025**.

14. A final pretrial conference and calendar call will be held at **11 a.m.** on **September 2**, **2025**.

15. The case is set for Jury Trial in the Fort Pierce Division during the two-week trial period commencing on **September 8**, **2025**. Subject to continuing developments, fifteen trial days are allotted for this trial, including jury selection.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of December 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[7] Any request to seal or redact any of the materials required by this Order shall conform to the instructions set forth in the Court's Initial Scheduling Order [ECF No. 29 p. 6].