UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON/McCabe

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

     Defendant.

_____/

**GOVERNMENT'S MOTION TO PRECLUDE ALIBI EVIDENCE**

     In its March 21 Order (ECF No. 109), the Court directed the defense to file any notice of alibi pursuant to Fed. R. Crim. P. 12.1 on or before March 28, 2025. No such notice was filed. The Rule states that, if no alibi notice is provided, "the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." Fed. R. Crim. P. 121(e). We asked defense counsel whether they would agree to this remedy, and have received no reply. So it falls upon us to file this motion to enforce the Court's Order and the clear language of Rule 12.1.

     The Court will recall that, in our first SDO response, we requested notice, pursuant to Fed. R. Crim. P. 12.1, of any alibi defense (ECF49:10). We identified the indictment as describing the approximate date, time and place of the offense; the indictment alleges that all of the charged crimes occurred on or about September 15, 2024. As far back as the affidavit supporting the criminal complaint for Routh's arrest, on September 15 itself, we had explained that "[ROUTH's] records indicated that ROUTH's mobile phone was located in the vicinity of the area along the tree line described above from approximately 1:59 AM until approximately 1:31 PM, on September 15, 2024." (ECF1:5) The complaint affidavit also listed the precise address of the golf course in West Palm Beach. We reiterated these details, and our demand for any notice of alibi, in a March 4, 2024 email to defense counsel.

1

At the March 7 status conference, the following was said by the Court and defense counsel:

THE COURT: Can there be -- I mean, Ms. Militello, can there be any dispute that the defendant was there, physically present, on the date in question?

MS. MILITELLO: It's the government's burden to prove that, and so I'm not prepared to stipulate to those facts at this time.

THE COURT: Okay. Well, then there will have to be a deadline, a firm deadline, which I will set in an order to follow, but it seems to me like this issue can be cleared up quickly.

(ECF 107 (Hrg. Tr.):37).

In its March 21 Order, the Court stated in full on this topic:

"On or before March 28, 2025, Defendant must serve written notice on the United States of any intended alibi defense. Fed. R. Crim. P. 12.1(a)(2). Defendant's notice must state: (A) each specific place where the defendant claims to have been at the time of the alleged offense(s); and (B) the name, address, and telephone number of each alibi witness on whom Defendant intends to rely. *Id.* Defendant's suggestion at the status conference that he cannot comply with the requirements set forth in Rule 12.1 until counsel receives a detailed synthesis and analysis of cellular location information from the United States' cellular expert is not a reasonable argument [ECF No. 107 p. 37] [.]   In light of Defendant's failure to timely comply with Rule 12.1, a deadline must be set for compliance, nor is there any dispute that the United States properly made a demand under the rule [ECF No. 107 p. 36].

(ECF 109:1-2).

March 28th came and went, and no alibi disclosure was made.  Accordingly, we are moving now to exclude any evidence of an alibi regarding Routh's whereabouts during the hours we allege he was camped at the golf course awaiting his literal shot at the President.  Such a remedy is authorized by the Rule and well within the Court's discretion.  *See, e.g., United States v. Jones*, 456 F. App'x 841, 843 (11th Cir. 2012) ("district court did not abuse its discretion when it excluded Jones's alibi notice based on his failure to comply with the filing deadline").  As the Eleventh Circuit there summarized:   "[A] criminal defendant does not have an unfettered right to

2

offer testimony, and a court may constitutionally preclude a defendant from offering otherwise relevant evidence if he fails to comply with procedural rules requiring that notice be given. … The purpose of the notice-of-alibi rules is to provide a liberal discovery system giving both parties [] the maximum amount of information to prepare their cases and reduce the possibility of surprise at trial.   Indeed, given the ease with which an alibi defense can be fabricated, the government has a legitimate interest in protecting itself against an eleventh-hour defense." *Id.* at 843 (citations and quotation marks omitted).  *See also Taylor v. Illinois*, 484 U.S. 798, 414-15 (1988) (no constitutional violation in excluding testimony of undisclosed defense witness).

This is not a situation where some alternative lesser remedy should be considered.   The Court was crystal clear in its Order that the defense had <u>already</u> violated the Rule, and that their supposed reasons for doing so were insufficient.  The Court nonetheless gave the defense an additional week to make a disclosure – meaning that Routh had almost five months from the first SDO response to advise the Government of any alibi claim.   Yet he still did not do so.

Simply put, having given the Defendant a final opportunity to comply with Rule 12.1, and the Defendant having chosen not to make a disclosure, the Court should formally exclude the testimony of any undisclosed witness regarding any possible alibi.[1]   And because the Defendant has not disclosed any witness, or evidence of any kind, on the topic of an alibi, the Court should exclude all evidence relating to any potential alibi regarding Routh's whereabouts at the golf course from approximately 1:59 AM until 1:31 PM, on September 15, 2024.

---

[1] Whether that exclusion should extend to alibi testimony from Routh himself, should he chose to testify, and what other relief may be proper in that situation, need not be decided today, and we do not ask the Court to make such rulings yet.

        Respectfully submitted,

        HAYDEN P. O'BYRNE
        UNITED STATES ATTORNEY

By:    /s/ *John Shipley*
        John C. Shipley
        Florida Bar No. 69670
        Christopher B. Browne
        Florida Bar No. 91337
        Maria K. Medetis
        Florida Bar No. 1012329
        Assistant United States Attorneys

        U.S. Attorney's Office
        Southern District of Florida
        99 Northeast 4th Street, 8th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9111
        E-mail: John.Shipley@usdoj.gov

        SUE BAI
        SUPERVISORY OFFICIAL PERFORMING THE
        DUTIES OF THE ASSISTANT ATTORNEY
        GENERAL FOR THE NATIONAL SECURITY
        DIVISION

By:    /s/ *James Donnelly*
        James Donnelly, Trial Attorney
        Court ID No. A5503278
        Department of Justice, National Security Division
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Telephone: (202) 514-0849

**CERTIFICATE OF CONFERRAL AND SERVICE**

As required, counsel for the Government sought the Defendant's position on this motion. Specifically, on April 5 at 2:24 pm, we sent a detailed email to both defense lawyers identifying the issue, among others, and asking them for position on a motion to exclude alibi evidence, and whether they would be willing now to answer the Court's question at the March 7 status conference stipulating to the Defendant's presence at the course in that time frame.  The next day, April 6, defense counsel replied that they would conference to see if they could reach some agreements. We followed up with defense counsel this morning, April 7, asking again for their positions before 3 p.m. so we would have time to finalize our motions prior to today's deadline.  On Monday afternoon at 2:30 p.m., defense counsel wrote us that they would not have time to respond on Rule 404(b) issues, but their message still did not address our request for their position on alibi evidence. The Government filed the foregoing document with the Clerk of the Court using CM/ECF on April 7, 2025.

/s/ *John C. Shipley*
Assistant United States Attorney