UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RYAN WESLEY ROUTH,

    Defendant.
    _____/

**DEFENDANT RYAN ROUTH'S REPLY
IN SUPPORT OF HIS MOTION TO COMPEL INDEPENDENT TESTING
OR TO EXCLUDE GOVERNMENT'S EXPERT**

## Introduction

In response to Mr. Routh's motion, the government recognizes that the subject firearm's operability and accuracy is relevant and admissible to the government's case. Notwithstanding, the government seeks to have this Court obstruct defense access to the firearm for inspection and testing thereby effectively impairing Mr. Routh's defense. This Court should not countenance the government's attempt to obstruct Mr. Routh's Fifth and Sixth Amendment rights to a fair trial. Accordingly, Mr. Routh respectfully requests the Court grant his reasonable motion.

1

The government acknowledges the central question in this case is "whether the Defendant intended to kill President Trump and took a substantial step toward doing so, which is the heart of the crime charged in Count 1." DE 115:6. Furthermore, the government asserts "evidence that the gun worked supports the Defendant's intent to commit the charged offenses." DE 115:13. But then the government advances a "heads the government wins, tails Mr. Routh loses" argument to oppose the defense's reasonable request. Inexplicably, the government fails to appreciate that the converse is true: the firearm's inoperability and inaccuracy is circumstantial evidence of the *lack of criminal intent*.

## Defense Evidence about the Firearm's Operability and Accuracy is Relevant and Admissible

The Federal Rules of Evidence apply to both the government and the defense equally. *See* Fed. R. Evid. 1101 (providing that the Rules apply to "criminal cases and proceedings" and not specific parties). Regarding relevance, the Rules provide: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Given the proportionality of the Federal Rules of Evidence and the government's concession that the firearm's operability and accuracy is relevant to an element of the

2

offense—intent—the defense's request to introduce evidence of the firearm's inoperability and inaccuracy to the jury should not be controversial.

For example, if an assailant brought a toy gun to the scene to use as a prop, that evidence would be relevant to his lack of intent to kill. *See, e.g., United States v. Henry*, 797 F.3d 371, 375 (6th Cir. 2015) (finding in § 924(c) prosecution that court's error affected defendant's substantial rights because jury could have found him not guilty if they believed he thought a toy gun would be used). Similarly, a real gun, if inoperable or very inaccurate, would be circumstantial evidence that the assailant only possessed the gun as a prop. *See id*.

In sum, the Constitution and the Federal Rules of Evidence do not permit different relevancy and admissibility standards depending on which side of the aisle you sit. Because the government has conceded the firearm's operability and accuracy are relevant for its case, then this Court should find the evidence is relevant for the defense's case.

### Rule 16 Requires that the Defense be Permitted to Inspect and Test the Firearm

The defense request to have our expert inspect and test the subject firearm also should not be controversial. *See, e.g., United States v. Bachman*, 23-cr-00304-VMC-(M.D. Fla. November 13, 2023) (DE 38:6–7)(government noting agreement to allow defense expert to examine and test fire subject firearms); *United States v. Bostick*, 15-cr-00182-(M.D. Tenn. April 4, April 13, and May 3, 2017) (DE 48,

52, 53)(defense continuance needed for their expert to examine a firearm at ATF; court order granting the continuance and requiring a joint status report regarding the firearm testing; joint notice of compliance notes the "test fire" took place[1]).

The defense request is not controversial because the discovery rules apply to both parties equally: "[r]ules about pretrial discovery in criminal prosecutions must apply to prosecutors as well as to defendants. *See United States v. Fort*, 472 F.3d 1106, 1130 (9th Cir. 2007) (recognizing "rulemakers' broader intent that Rule 16 create[s] reciprocal discovery rights and obligations between the government and the defendant). Specifically for purposes of this motion, access provided to private experts retained by the prosecution must be provided to private experts retained by the defense." *United States v. Shrake,* 515 F.3d 743, 747 (7th Cir.2008) (citing *Sardius v. Oregon,* 412 U.S. 470 (1973)). Rule 16 does not limit the types of evidence the defense may or may not inspect. Instead, Rule 16 broadly permits, without any limitation, that the defense may inspect "tangible objects" within the government's possession.

To adopt the government's contrary interpretation of Rule 16 would violate the Constitution. Mr. Routh has a constitutional right to present a complete defense. *See Holmes v. South Carolina*, 547 U.S. 319, 324-25 (2006) (internal quotations omitted) (holding the right to a complete defense "is abridged by

---

[1] Undersigned counsel consulted with the expert in the *Bostick* case and confirmed that he did test fire the firearm at the ATF facility.

4

evidence rules that infring[e] upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve.")(cleaned up)); *see also Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (acknowledging the constitutional right to a "meaningful opportunity to present a complete defense.").

The right to present a meaningful defense includes the right to call witnesses— including expert witnesses. *See Taylor v. Illinois*, 484 U.S. 400, 408-09 (1988); *Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir. 2001). To give substance to this right, the defense's expert must be able to inspect and test the firearm for regarding operability and accuracy which could result in relevant, admissible evidence which would corroborate Mr. Routh's lack of intent. In compliance with this Court's pre-trial order the defense has disclosed a testifying expert, who wishes to test fire the firearm in the presence of a defense firearm consultation expert.[2] Defense counsel are not firearms experts and cannot scientifically validate the government's assertions about the firearm or to conduct our own testing. Denying defense access to this critical information, would not only violate Rule 16 but also the Fifth and Sixth Amendments.

---

2 The defense has been very flexible regarding the logistics of inspection and testing and has offered various evidentiary safeguards as used in other firearm cases, child pornography cases, and drug cases. We offered the government options including an independent federal agent (evidence custodian) present at the defense testing lab during testing or during the testing at a federal facility. We have offered to test the firearm locally in the Southern District of Florida or at our expert's lab in Atlanta. The government is unwilling to discuss or agree to any of these options.

Defense counsel have an obligation under the Sixth Amendment's to "hold the prosecution to its heavy burden of proof beyond a reasonable doubt." *United States v. Cronic*, 446 U.S. 648 (1984). Being a mere spectator or potted plant to the prosecution's presentation of evidence will not meet the standard for effective assistance of counsel. *Smith v. Wainwright*, 777 F.2d 609 (11th Cir. 1985). As part of our constitutionally required due diligence, we are entitled to inspect and test the government's evidence to determine the factual and scientific accuracy of the government's case and to gather relevant defense evidence for the jury to consider.

The government's protests appear to indicate that they fear what the defense expert testing might reveal—exculpatory evidence under *Brady v. Maryland*. Perhaps that is why they chose not to do the testing themselves. Nevertheless, the defense is not limited to test only the materials the government has tested or test or inspect in the same manner as the government. *See United States v. Pecina*, 302 F.R.D. 492, 495 (N.D. Ind. 2014) ("I also agree with Pecina that his expert may use any method she chooses for analyzing her drug sample, subject, of course, to analysis of the methodology for reliability… It is the attorneys' job to ensure that the jury and the Court understand the different methodologies and the merits of each, and can make an informed decision as to which expert evidence to trust. If the expert reports are not meaningfully comparable, the attorneys can make that argument and present evidence to

6

support it; I'm not going to decide that up front on the government's say-so without evidence or explanation.").

Finally, defense testing will not result in any further degradation of the evidence. The government has already removed the scope and failed to preserve its original status—making any testing of the scope's accuracy or usefulness impossible. The government also removed the plastic tube at the end of the rifle, preventing any testing with that possible obstructive device on the rifle. The government argues that such testing should not be permitted 7 months after the incident, but if the firearm is being adequately maintained by the government, then it should be in the same condition as it was when collected, and in the same condition now and five months from now at trial. Notably, Rule 16 does not put a time limit on the defense inspection of physical items in the government's possession.³

Any of the government's suggestions that the defense has a burden to proffer evidence is a red herring. The is not a habeas petition and the defense bears no such burden where he is not yet convicted and presumed innocent. The government's sweeping statements of guilt and their demands to know the statements of Mr. Routh may be due to their continued efforts to pry into the

---

3 Our original request to test fire the firearm was made to the government on January 24, 2025. Defense counsel made the request after the process of finding and contracting with suitable experts, and the government stated that we could have further discussions after the firearm arrived to in our district from Quantico.

defense attorney work product and attorney-client privileged information. *See also* DE 115:12 ("What basis has the defense provided for believing that rifle was inoperable at the time of the offense? Has Routh himself said so?"). The defense continues to object to such inquiries.

## CONCLUSION

The government conceded the materiality of the defense testing when they wrote the rifle "worked exactly as Routh intended it when he loaded it and set up his sniper hide on September 15." *See* DE 115:7. The assailant's intent is of paramount importance in this case, and the operability and accuracy of the firearm may provide the jury of evidence of that intent. As such, Mr. Routh respectfully requests that the Court compel the government to permit expert testing of the rifle seized in this case.

Respectfully submitted,

HECTOR A. DOPICO
Federal Public Defender

| | |
|---|---|
| *s/ Kristy Militello* | *s/Renee M. Sihvola* |
| Kristy Militello | Renee M. Sihvola |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| Attorney for the Defendant | Attorney for the Defendant |
| Florida Bar No. 0056366 | Florida Bar Number: 116070 |
| 250 South Australian Ave., Suite 400 | 109 N 2nd Ave |
| West Palm Beach, Florida 33401 | Ft. Pierce, Florida 34950 |
| (561) 833-6288 – Telephone | (772) 489-2123 - Telephone |
| Kristy_Militello@fd.org | Renee_Sihvola@fd.org |

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     *s/ Kristy Militello*
                                                     Kristy Militello