File No. 02 CRS 83088

**STATE OF NORTH CAROLINA**
In the General Court of Justice
Superior Court Division
GUILFORD COUNTY

FILED
2002 OCT 21 PM 12: 51
Film No.

GUILFORD COUNTY CSC
BY _MLP_

STATE VERSUS

Defendant
**RYAN WESLEY ROUTH**

**INDICTMENT**

Date of Offense
Between 4/23/02 – 4/24/02

Offense in Violation of G.S.
14-288.8

POSSESSION OF WEAPON OF MASS DESTRUCTION

**The jurors for the State upon their oath present** that on or about the date of offense and in the county named above the defendant named above unlawfully, willfully and feloniously did have and possess weapon of mass death and destruction, a binary explosive device with a detonation cord and a blasting cap.

NORTH CAROLINA—GUILFORD COUNTY.
CERTIFIED A TRUE COPY OF ORIGINAL
ON FILE IN THIS OFFICE.
THIS _September 17, 2024_
_Jeanne R. Lawson_ CSC

Signature of Prosecutor

**WITNESSES**

☒ E.G. MILLER – GPD    02-121887 (2 INV)   ☐

☐                                            ☐

The witnesses marked "X" were sworn by the undersigned Foreman of the Grand Jury and after hearing testimony, this bill was found to be:

☒ **A TRUE BILL** by twelve or more grand jurors, and I the undersigned Foreman of the Grand Jury, attest the concurrence of twelve or more grand jurors in this Bill of Indictment.

☐ NOT A TRUE BILL

Signature of Grand Jury Foreman

Date OCT 21 2002

GOVERNMENT EXHIBIT
1

Gov004100

**STATE OF NORTH CAROLINA**  **COUNTY OF GUILFORD**
In The General Court of Justice
Superior Court Division

## NOTICE OF RETURN OF TRUE BILL OF INDICTMENT
G.S. 15A-630

**To the Defendant Named on the Accompanying Indictment:**

Take Notice that the Grand Jury of the county named above has returned the attached True Bill(s) of Indictment charging you with the offense(s) specified. You are informed that there are important time limitations on your right to discovery of the evidence against you. (See G.S. 15A-902 which is printed below.)

15A-902. Discovery procedure – (a) A party seeking discovery under this Article must, before filing any motion before a judge, request in writing that the other party comply voluntarily with the discovery request. Upon receiving a negative or unsatisfactory response, or upon the passage of seven days following the receipt of the request without response, the party requesting discovery may file a motion for discovery under the provisions of this Article concerning any matter as to which voluntary discovery was not made pursuant to request.
(b) To the extent that discovery authorized in this Article is voluntarily made in response to a request, the discovery is deemed to have been made under an order of the court for the purposes of this Article.
(c) A motion for discovery under this Article must be heard before a superior court judge.
(d) If a defendant is represented by counsel, he may as matter of right request voluntary discovery from the State under subsection (a) above not later than the tenth working day after either the probable cause hearing or the date he waives the hearing. If a defendant is not represented by counsel, or is indicted or consents to the filing of a bill of information before he has been afforded or waived a probable cause hearing, he may as a matter of right request voluntary discovery from the State under subsection (a) above not later than the tenth working day after:
(1) The defendant's consent to be tried upon a bill of information, or the service of notice upon him that a true bill of indictment has been found by the grand jury, or
(2) The appointment of counsel – whichever is later.

For the purposes of this subsection a defendant is represented by counsel only if counsel was retained by or appointed for him prior to or during a probable cause hearing or prior to execution by him of a waiver of a probable cause hearing.
(e) The State may as a matter of right request voluntary discovery from the defendant, when authorized under this Article, at any time not later than the tenth working day after disclosure by the State with respect to the category of discovery in question.
(f) A Motion for discovery made at any time prior to trial may be entertained if the parties so stipulate or if the judge for good cause shown determines that the motion should be allowed in whole or part. (1973, C. 1286, .1.) **This Notice is issued upon order of the presiding Judge.**

**Your next court appearance for this case will be in Superior Court, sometime within the next 2-3 weeks. You should contact the Clerk of Superior Court's Office (574-4306) or the District Attorney's Office (574-4313) to learn your next court date. Please have your case number available when you call and ask for the date you are to appear in Superior Court. It is your responsibility to find out your next court date in Superior Court.**

Date Issued: September 17, 2024
Signature: Jeanne R. Lawson / Marie Laflin

Note: Attach True Bill(s) of Indictment and a copy of the Order for Arrest, if appropriate

☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk of Superior Court

NORTH CAROLINA - GUILFORD COUNTY
CERTIFIED A TRUE COPY OF ORIGINAL ON FILE IN THIS OFFICE.

### CERTIFICATE OF SERVICE

02 CRS 83088
02 CRS 85045

I certify that I issued a copy of this notice to the defendant named above at the address shown by:

☒ Mail through the U.S. Postal Service. Deft - Ryan Wesley Routh
☐ Attaching it to an Order for Arrest to be served on the defendant.
☐ Other (specify)   NAME OF PUBLIC DEFENDER: _____

Date: OCT 22 2002
Signature: Marie Laflin

Original-File   Copy-Defendant

Gov004101

**STATE OF NORTH CAROLINA**

| File No | |
|---|---|
| 02CRS083088 | 51 |

GUILFORD (GR) County, GREENSBORO Seat of Court

NOTE: [This form is to be used for (1) felony offense(s), and (2) misdemeanor offense(s), which are consolidated for judgment with any felony offense(s). Use AOC-CR-310 for DWI offense(s)]

In The General Court Of Justice
District [ ]  Superior Court Division [X]

**STATE VERSUS**

Name Of Defendant: **ROUTH, RYAN, WESLEY**
Race: W   Sex: M   DOB: [redacted]

JUDGMENT SUSPENDING SENTENCE - FELONY
[X] IMPOSING AN INTERMEDIATE PUNISHMENT
[ ] IMPOSING A COMMUNITY PUNISHMENT
(STRUCTURED SENTENCING)
G.S. 15A-1341, -1342, 1343, -1343.2, -1346

Attorney For State: **HUBBARD, AL**
Def. Found [ ] Not Indigent    Def. Waived [ ] Attorney
Attorney For Defendant: **HATFIELD, JACK**
[ ] Appointed  [X] Retained

The defendant [X] pled guilty to:  [ ] was found guilty by a jury of:  [ ] pled no contest to:

| File No 1st | Off | Offense Description | Offense Date | G.S. No. | F/M | CL. |
|---|---|---|---|---|---|---|
| 02CRS083088 | 51 | POSSESS WEAPON MASS DESTRUCT | 04/23/2002 | 14-288.8 | F | F |

The Court
[X] 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be   2   PRIOR RECORD LEVEL: [ ] I  [X] II  [ ] III  [ ] IV  [ ] V  [ ] VI
[ ] 2. makes no prior record level finding because none is required

The Court: (NOTE: Block 1 or 2 MUST be checked)
[X] 1. makes no written findings because the prison term imposed is within the presumptive range of sentences authorized under G.S. 15A-1340.17(c)
[ ] 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
[ ] 3. makes the Findings of Extraordinary Mitigation set forth on the attached AOC-CR-606.
[ ] 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
[ ] 5. finds enhanced punishment from a Class A1 or Class 1 misdemeanor to a Class I felony.
   [ ] G.S. 90-95(e)(3) (drugs);  [ ] G.S. 14-3(c) (hate crime).
[ ] 6. imposes the punishment pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
[ ] 7. finds the above designated offense(s) is a reportable conviction involving a minor. G.S. 14-208.6.
[ ] 8. finds the defendant is classified as a sexually violent predator. G.S. 14-208.20.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned

for a minimum term of **15** months   for a maximum term of **19** months   in the custody of N.C. DOC.

This sentence shall run at the expiration of sentence imposed in file number _____

The defendant shall be given credit for **5** days spent in the confinement prior to the date of this Judgment as a result of this charge(s) to be applied toward the [ ] sentence imposed above. [X] imprisonment required for special probation set forth on AOC-CR-603, Page Two.

**SUSPENSION OF SENTENCE**

[X] With  [ ] Without* the consent of the defendant and subject to the conditions set out below, the execution of this sentence is suspended and the defendant is placed on [X] supervised  [ ] unsupervised probation for **60** months.
(*NOTE: For offenses committed on or after January 1, 1997, per repeal of 15A-1341(c), defendant's consent is not needed.)

1. The Court finds that a [ ] longer [ ] shorter period of probation is necessary than that which is specified in G.S. 15A-1343.2(d).
2. The Court finds that it is NOT appropriate to delegate to the Division of Adult Probation and Parole in the Department of Correction the authority to impose any of the requirements in G.S. 15A-1343.2(e) if the offender is sentenced to a community punishment, o G.S. 15A-1343.2(f) if the offender is sentenced to an intermediate punishment.
3. The above period of probation shall begin when the defendant is released from incarceration in the case referred to below
4. The above period of probation shall begin at the expiration of the sentence in the case referred to below
(NOTE: List file number, date, county and court in which prior sentence imposed.)

File Number   Offense   County

5. The defendant shall comply with the conditions set forth in file number _____

**MONETARY CONDITIONS**

The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" shown below, plus the probation supervision fee, pursuant to a schedule  [X] determined by the probation officer.  [ ] set out by the court as follows:

WAIVE SUPERVISION FEE

| Costs | Fine | Restitution* | Attorney's Fee | Community Service Fee | Total Amount Due |
|---|---|---|---|---|---|
| $ 225.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 225.00 |

See attached "Restitution Worksheet, Notice And Order (Initial Sentencing)," AOC-CR-611, which is incorporated by reference.

All payments received by the clerk shall be distributed pro rata among the persons entitled to restitution in this priority: first among all G.S. 7A-304(d) priorities   and before payment of community service and probation supervision fees.
Upon payment of the "Total Amount Due", the probation officer may transfer the defendant to unsupervised probation.

AOC-CR-603, Rev. 2/2000
© 2000 Administrative Office of the Courts

Material opposite unmarked squares is to be disregarded as surplusage (Over)

*NORTH CAROLINA—GUILFORD COUNTY.*
*CERTIFIED A TRUE COPY OF ORIGINAL ON FILE IN THIS OFFICE.*
THIS **September 17** Day **2024**
*Jeanne R. Lawson*

## REGULAR CONDITIONS OF PROBATION - G.S. 15A-1343(b)

The defendant shall: (1) Commit no criminal offense in any jurisdiction. (2) Possess no firearm, explosive device or other deadly weapon listed in G.S. 14-269. (3) Remain gainfully and suitably employed or faithfully pursue a course of study or of vocational training, that will equip the defendant for suitable employment, and abide by all rules of the institution. (4) Satisfy child support and family obligations, as required by the Court.

If the defendant is on supervised probation, the defendant shall also: (5) Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer. (6) Report as directed by the Court or the probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment. (7) Notify the probation officer if the defendant fails to obtain or retain satisfactory employment. (8) At a time to be designated by the probation officer, visit with the probation officer a facility maintained by the Division of Prisons.

If the defendant is to serve an active sentence as a condition of special probation, the defendant shall also: (9) Obey the rules and regulations of the Department of Correction governing the conduct of inmates while imprisoned. (10) Report to a probation officer in the State of North Carolina within seventy-two (72) hours of the defendant's discharge from the active term of imprisonment.

## SPECIAL CONDITIONS OF PROBATION - G.S. 15A-1343(b1), 143B-262(c)

The defendant shall also comply with the following special conditions which the Court finds are reasonably related to the defendant's rehabilitation:

☐ 11. Surrender the defendant's drivers license to the Clerk of Superior Court for transmittal/notification to the Division of Motor Vehicles and not operate a motor vehicle for a period of _____ or until relicensed by the Division of Motor Vehicles, whichever is later.

☒ 12. Submit at reasonable times to warrantless searches by a probation officer of the defendant's person, and of the defendant's vehicle and premises while the defendant is present, for the following purposes which are reasonably related to the defendant's probation supervision: ☒ stolen goods  ☒ controlled substances  ☒ contraband  ☒ FIREARM; EXPLOSIVE DEVICE _____.

☒ 13. Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it; not knowingly associate with any known or previously convicted users, possessors or sellers of any illegal drugs or controlled substances; and not knowingly be present at or frequent any place where illegal drugs or controlled substances are sold, kept or used.

☒ 14. Supply a breath, urine and/or blood specimen for analysis of the possible presence of a prohibited drug or alcohol, when instructed by the defendant's probation officer.

☐ 15. Successfully pass the General Education Development Test (G.E.D.) during the first _____ months of the period of probation.

☐ 16. Complete _____ hours of community or reparation service during the first _____ days of the period of probation, as directed by the community service coordinator and pay the fee prescribed by G.S. 143B-475.1(b). ☐ pursuant to the schedule set out under monetary conditions above. ☐ within _____ days of this Judgment and before beginning service.

☒ 17. Report for initial evaluation by PSYCH COUNSELING _____ participate in all further evaluation, counseling, treatment or education programs recommended as a result of that evaluation, and comply with all other therapeutic requirements of those programs until discharged.

☐ 18. Not assault, communicate with, be in the presence of, or be found in or on the premises of _____.

☒ 19. Other: OMIT #8; THE DEFENDANT IS NOT TO OPERATE A MOTOR VEHICLE UNTIL LICENSED, IF FOUND DRIVING A BOND FOR 15,000 SECURED IS TO BE SET. PROBATION OFFICER, IN THEIR DISCRETION MAY TRANSFER TO ELECTRONIC HOUSE ARREST OR INTENSIVE.

☒ 20. Comply with the Special Conditions Of Probation - Intermediate Punishments - Contempt which are set forth on AOC-CR-603, Page Two.

☐ A hearing was held in open court in the presence of the defendant at which time a fee, including expenses, was awarded the defendant's appointed counsel or assigned public defender.

## ORDER OF COMMITMENT/APPEAL ENTRIES

☒ 1. It is ORDERED that the Clerk deliver two certified copies of this Judgment and Commitment to the sheriff or other qualified officer and that the officer cause the defendant to be delivered with these copies to the custody of the agency named on the reverse to serve the sentence imposed or until the defendant shall have complied with the conditions of release pending appeal.

☐ 2. The defendant gives notice of appeal from the judgment of the Superior Court to the Appellate Division. Appeal entries and any conditions of post conviction release are set forth on form AOC-CR-350.

### SIGNATURE OF JUDGE

| Date | Name Of Presiding Judge (Type Or Print) | Signature Of Presiding Judge |
|---|---|---|
| 12/20/2002 | HENRY E. FRYE, JR. | /s/ |

## CERTIFICATION

I certify that this Judgment and the attachment(s) marked below is a true and complete copy of the original which is on file in this case.

☐ 1. Appellate Entries (AOC-CR-350).
☒ 2. Judgment Suspending Sentence, Page Two [Special Conditions Of Probation - Intermediate Punishments - Contempt (AOC-CR-603, Page Two)]
☐ 3. Felony Judgment Findings Of Aggravating And Mitigating Factors (AOC-CR-605).
☐ 4. Extraordinary Mitigation Findings (AOC-CR-606).
☐ 5. Restitution Worksheet, Notice And Order (Initial Sentencing) (AOC-CR-611).

| Date | Signature | |
|---|---|---|
| 12/20/2002 | | SEAL |

Date Certified Copies Delivered To Sheriff: 12/20/2002

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

AOC-CR-603, Side Two, Rev. 2/2000
© 2000 Administrative Office of the Courts

Material opposite unmarked squares is to be disregarded as surplusage

| STATE OF NORTH CAROLINA | | File No | 02CRS083088 | 51 |
|---|---|---|---|---|
| GUILFORD (GR) County | | | In The General Court Of Justice Superior Court Division | |

### STATE VERSUS

**Name Of Defendant**
ROUTH, RYAN, WESLEY

## CRIMINAL BILL OF COST

| SFF 22500 | CPD | 235 | Other DC GEN COURT OF JUSTICE 2 5 |
|---|---|---|---|
| CRSC $ 125 | Cost Remitted | $ 200.00 | |

Costs Assessed In Each Of The Following Cases

| | | # SERVED | AMOUNT | |
|---|---|---|---|---|
| **PROCESS FEE DUE COUNTY** | Co | | $ | 22500 |
| | Co | | $ | 295 |
| | Co | | $ | 295 |
| **JAIL FEES DUE COUNTY** | | # DAYS | AMOUNT | |
| GUILFORD (GR) | Co | 5 | $ 25.00 | 22600 |
| | Co | | $ | 296 |
| | | | Remitted | |
| **JAIL FEES DUE COUNTY (Post Trial)** | | # DAYS | AMOUNT | |
| | Co | | $ | 22620 |
| | Co | | $ | 297 |
| | | | Remitted | |
| **PROCESS FEE DUE CITY** | | # SERVED | AMOUNT | |
| | | | $ | 23500 |
| | | | $ | 2350 |
| | | | $ | 2350 |
| **JAIL FEES DUE CITY** | | # DAYS | AMOUNT | |
| | | | $ | 2360 |
| | | | $ | 236 |
| | | | Remitted | |
| **JAIL FEES DUE CITY (Post Trial)** | | # DAYS | AMOUNT | |
| | | | $ | 2362 |
| | | | Remitted | |
| **COST DUE STATE** | | Analysis of Cont. Sub | $ | 24320 |
| | | 20 Day Failure Fee | $ | District 21211  Superior 21111 |
| | | Pre-Trial Release to Co | $ | 295 |
| | | | $ 225.00 | **TOTAL COSTS DUE** |
| **FINES DUE THE COUNTY** | | | $ | 22700 |
| | | | | DWI  24201 |
| **COMMUNITY SERVICE FEE** | | | | Exp CSF  24202 |
| **REIMBURSE ATTORNEY FEES** | | | | 24610 |
| **Other Misc. Costs:** | | | | |
| Rec. of Expert Witness Fee: | | | | 2464 |
| Rec. of Blood Test: | | | | 24630 |
| Rec. of Interpreter: | | | | District 24652  Superior 24651 |
| Rec. of Bond Forfeiture Fee: | | | | 24660 |
| Other: | | | $ | |
| **RESTITUTION** SEE ATTACHED WORKSHEET | | | $ | **TOTAL RESTITUTION DUE** |
| Restitution Jointly & Severally due with Co-Defendant's listed on Reverse | | | | |
| **PROBATION SUPERVISION** | | SURRENDER LICENSE | | **TOTAL DUE** |
| X B - Supervised   X N - Not Collecting | | X ASSESSMENT | | $ 225.00 |
| U - Unsupervised   Fee | | | | |

NORTH CAROLINA—GUILFORD COUNTY.
CERTIFIED A TRUE COPY OF ORIGINAL
ON FILE IN THIS OFFICE,
September 17 2024
Jeanne B. Lawson

| Date | Name Of Clerk | X Deputy CSC | By Date: 12/20/2007 |
|---|---|---|---|
| 12/20/2002 | P. TEDDER | Assistant CSC | X FULL PAYMENT |
| | | Clerk Of Superior Court | PARTIAL PAYMENT |

AOC CR 381 AS Superior  © 2000 Administrative Office of the Courts

| **RESTITUTION** | | Full Payment 26110 | | Partial Payment 26120 | | | |
|---|---|---|---|---|---|---|---|
| REMARKS | | | | | | | |
| Name | Address | City | St. | Zip | SSN | Amount |
| | | | | | | |

AOC CH 381 Superior   1997 Administrative Office of the Courts

Gov004090

**STATE OF NORTH CAROLINA**

County: Guilford

File No. 02 CRS 85088

GUILFORD COUNTY FILED DEC 20 2002

In The General Court Of Justice
☐ District ☒ Superior Court Division

**STATE VERSUS**

Name Of Defendant: Ryan Wesley Routh

Age: 36

Highest Level Of Education Completed: High [School]

**TRANSCRIPT OF PLEA**

G.S. 15A-1022

The defendant, having offered a plea of guilty and being first duly sworn, makes the following answers to the questions set out below.

| | Answers |
|---|---|
| 1. Are you able to hear and understand me? | (1) yes |
| 2. Do you understand that you have the right to remain silent and that any statement you make may be used against you? | (2) yes |
| 3. At what grade level can you read and write? | (3) High Sch |
| 4. (a) Are you now under the influence of alcohol, drugs, narcotics, medicines, pills, or any other intoxicants? | (4a) No |
| (b) When was the last time you used or consumed any such substance? | (4b) Does not use |
| 5. Have the charges been explained to you by your lawyer, and do you understand the nature of the charges, and do you understand every element of each charge? | (5) yes |
| 6. (a) Have you and your lawyer discussed the possible defenses, if any, to the charges? | (6a) yes |
| (b) Are you satisfied with your lawyer's legal services? | (6b) yes |
| 7. (a) Do you understand that you have the right to plead not guilty and be tried by a jury? | (7a) yes |
| (b) Do you understand that at such trial you have the right to confront and to cross examine witnesses against you? | (7b) yes |
| (c) Do you understand that by your plea(s) you give up these and your other constitutional rights relating to a trial by jury? | (7c) yes |
| 8. Do you understand that, if you are not a citizen of the United States of America, your plea(s) of guilty or no contest may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law? | (8) yes |
| 9. (If applicable) Do you understand that upon conviction of a felony that you automatically forfeit any licensing privileges as defined by G.S. 15A-1331A for the full term: | |
| ☐ (a) (FSA cases only occurring on or after May 1, 1994) of the maximum sentence of imprisonment imposed at the time of conviction if: (1) you are offered a suspended sentence on condition that you accept probation and you refuse probation, or (2) your probation is revoked or suspended and the Court makes findings that you failed to make reasonable efforts to comply with the conditions of probation. | (9a) yes |
| ☐ (b) (Structured Sentencing cases committed on or after October 1, 1994) of the period you are placed on probation if: (1) your probation is revoked or suspended, or (2) (for offenses committed before 1/1/97) you are offered a suspended sentence on condition you accept probation and you refuse probation. G.S. 15A-1331A(b). | (9b) yes |
| 9A. ☐ (Victims Rights Act cases only) Do you understand that upon your conviction of _____ you may be ordered to pay restitution to any persons directly and proximately injured as a result of your commission of that offense, and that a civil judgment in favor of each such person may be docketed against you and will be a lien against real estate owned by you for the next ten years? | (9A) ✓ |
| 10. Do you understand that you are pleading (guilty) ~~(no contest)~~ to the charges shown on the attached sheet, which carry the total punishments listed? | (10) yes |
| 11. Do you now personally plead (guilty) ~~(no contest)~~? | (11) yes |
| 12. (a) (If applicable) Are you in fact guilty? | (12a) — |
| (b) (If applicable) Do you understand that upon your plea of no contest you will be treated as being guilty whether or not you admit your guilt? | (12b) yes |
| (c) (If applicable) (Alford Plea) | |
| (1) Do you now consider it to be in your best interest to plead guilty? | (12c1) yes |
| (2) Do you understand that upon your "Alford Plea" you will be treated as being guilty whether or not you admit that you are in fact guilty? | (12c2) yes |
| 13. Have you agreed to plead as part of a plea arrangement? Before you answer I advise you that the Courts have approved plea negotiating, and if there is such, you may advise me truthfully without fear of incurring my disapproval? | (13) yes |

NORTH CAROLINA—GUILFORD COUNTY
CERTIFIED A TRUE COPY OF ORIGINAL
ON FILE IN THIS OFFICE
THIS September 17, 2024
Jeanne R. Lawson

AOC-CR-300, Rev. 2/2000
© 2000 Administrative Office of the Courts

Gov004091

14. *(If applicable)* The prosecutor and your lawyer have informed the Court that these are all the terms Answers and conditions of your plea: *(See attachment for additional plea arrangements, including voluntary dismissals.)*

The State will dismiss the possess weapon of mass destruction count in 02 CR 81659 and the defendant will be placed on supervised probation for a period of sixty (60) months with conditions to include that he not operate a motor vehicle until he obtains a valid North Carolina drivers license, that he not own or possess any firearm or explosive device and that he obtain a mental health assessment and comply with any recommended course of treatment. All firearms and explosive devices seized from defendant by the Greensboro Police Department in all of defendant's pending cases, shall be forfeited and disposed of.

(a) Is this correct as being your full plea arrangement?    (14a) yes
(b) Do you now personally accept this arrangement?    (14b) yes

15. (Other than the plea arrangement between you and the prosecutor) has anyone made any promises or threatened you in any way to cause you to enter this plea against your wishes?    (15) no

16. Do you enter this plea of your own free will, fully understanding what you are doing?    (16) yes

17. Do you have any questions about what has just been said to you or about anything else connected to your case?    (17) no

I have read or have heard all of these questions and understand them. The answers shown are the ones I gave in open court and they are true and accurate. Neither my lawyer nor anyone else has told me to give false answers in order to have the Court accept my plea in this case. The conditions of the plea as stated above, if any, are accurate.

SWORN AND SUBSCRIBED TO BEFORE ME

Date: DEC 20 2002
Date: 12-20-02
Name of Defendant: Ryan Wesley Routh

**CERTIFICATION BY LAWYER FOR DEFENDANT**

As lawyer for the defendant named above, I hereby certify that the conditions stated above, if any, upon which the defendant's plea was entered are correct and they are agreed to by the defendant and myself. I further certify that I have fully explained to the defendant the nature and elements of the charge(s) to which the defendant is pleading.

Date: 12-20-02
Name Of Lawyer For Defendant: JOHN HATFIELD

**CERTIFICATION BY PROSECUTOR**

As prosecutor for this Prosecutorial District, I hereby certify that the conditions stated above, if any, are the terms agreed to by the defendant and his/her lawyer and myself for the entry of the plea by the defendant to the charge(s) in this case.

Date: 12-20-02
Name Of Prosecutor: Harry A. Hubbard, III

**PLEA ADJUDICATION**

Upon consideration of the record proper, evidence presented, answers of defendant, and statements of the lawyer for the defendant and the District Attorney, the undersigned finds:

1. That there is a factual basis for the entry of the plea.
2. The the defendant is satisfied with his/her lawyer.
3. That the defendant is competent to stand trial and that the plea is the informed choice of the defendant and is made freely, voluntarily and understandingly.

The defendant's plea is hereby accepted by the Court and is ordered recorded.

Date: 12-20-02
Name Of Presiding Judge: Henry L. Frye, Jr.

AOC-CR-300, Side Two, Rev. 2/2000
© 2000 Administrative Office of the Courts

**STATE OF NORTH CAROLINA**

County: Guilford

File No: 02 CRS 83088

In The General Court Of Justice
☐ District ☒ Superior Court Division

**STATE VERSUS**

Name And Address Of Defendant: Ryan Wesley Routh

**WORKSHEET
PRIOR RECORD LEVEL FOR
FELONY SENTENCING AND
PRIOR CONVICTION LEVEL FOR
MISDEMEANOR SENTENCING
(STRUCTURED SENTENCING)**

G.S. 15A-1340.14, 15A-1340.21

Social Security No: [redacted]
SID No: NC0754063A
Race: W
Sex: M
DOB: [redacted]

FILED DEC [?] 2002 AT 11:12 [?] / A / [?] BY [?] CSC, CLERK OF SUPERIOR COURT

NOTE: This Worksheet is provided to assist the attorney for the state in calculating and presenting the defendant's prior record level or prior conviction level. Record the defendant's prior record on the reverse side of this form or attach a copy of the defendant's prior record pursuant to G.S. 15A-1340.14(f). If sentencing for a felony, count the number of prior convictions in each offense class and enter those totals in the chart in section I below. For multiple prior convictions at one session of court, see G.S. 15A-1340.14(d). The only Class 1 misdemeanor offenses under Chapter 20 that are assigned points for determining prior record level for felony sentencing are misdemeanor death by vehicle (G.S. 20-141.4(a2)) and, for sentencing for felony offenses committed on or after December 1, 1997, impaired driving (G.S. 20-138.1) and commercial impaired driving (G.S. 20-138.2). First Degree Rape and First Degree Sexual offense convictions prior to October 1, 1994, are Class B1 convictions.

## I. SCORING PRIOR RECORD/FELONY SENTENCING

| NUMBER | TYPE | FACTORS | POINTS |
|---|---|---|---|
|  | Prior Felony Class A Conviction | X 10 |  |
|  | Prior Felony Class B1 Conviction | X 9 |  |
|  | Prior Felony Class B2 or C or D Conviction | X 6 |  |
|  | Prior Felony Class E or F or G Conviction | X 4 |  |
|  | Prior Felony Class H or I Conviction | X 2 |  |
| 1 | Prior Class A1 or 1 Misdemeanor Conviction (see note above) | X 1 | 1 |
|  |  | SUBTOTAL ▶ | 1 |
|  | If all the elements of the present offense are included in any prior offense whether or not the prior offenses were used in determining prior record level. | + 1 |  |
|  | If the offense was committed: (a) while on supervised or unsupervised probation, parole, or post-release supervision; or (b) while serving a sentence of imprisonment; or (c) while on escape | + 1 | 1 |
|  |  | TOTAL ▶ | 2 |

## II. CLASSIFYING PRIOR RECORD/CONVICTION LEVEL

**MISDEMEANOR**

NOTE: If sentencing for a misdemeanor, total the number of prior convictions listed on the reverse and select the corresponding prior conviction level.

| No. Of Prior Convictions | Level |
|---|---|
| 0 | I |
| 1-4 | II |
| 5+ | III |

PRIOR CONVICTION LEVEL ▶ III

**FELONY**

NOTE: If sentencing for a felony, locate the prior record level which corresponds to total points determined in section I above.

| Points | Level |
|---|---|
| 0 | I |
| 1 - 4 | II |
| 5 - 8 | III |
| 9 - 14 | IV |
| 15 - 18 | V |
| 19 + | VI |

PRIOR RECORD LEVEL ▶ II

☐ The Court has determined the number of prior convictions to be _____ and the level to be as shown above.

☐ The Court finds the prior convictions, prior record points and the prior record level of the defendant to be as shown herein.

Date: 12/1/02

Name Of Presiding Judge (Type Or Print): Henry E. Frye, JR

Signature Of Presiding Judge: [signature]

AOC-CR-600, Rev. 12/97
© 1997 Administrative Office of the Courts
(Over)

NORTH CAROLINA GUILFORD COUNTY
CERTIFIED A TRUE COPY OF ORIGINAL ON FILE IN THIS OFFICE
September 17, 2024
Jeanne R. Lawson

| | | III. PRIOR CONVICTION | | |
|---|---|---|---|---|
| Offense | File No. | Date of Conviction | County (name state, if not N.C.) | Class |
| Larceny | 97CR71030 | 12/3/97 | Guilford | 1 |
| Worthless Check | 90CR66795 | 1/29/92 | " | 2 |
| " | 91CR50191 | " | " | " |
| " | " 50192 | " | " | " |
| " | " 50193 | " | " | " |
| " | " 50194 | " | " | " |
| " | " 54016 | - | " | " |
| " | " 66603 | " | " | " |
| " | " 66609 | " | " | " |
| Fail to Rpt. Accident | 83CR63884 | 1/13/84 | " | — |
| NOL | 86CR74658 | 10/20/86 | " | — |
| NOL | 90CR24754 | 11/28/90 | " | — |
| DWLR | " 49138 | 1/10/91 | " | — |
| NOL | " 68410 | " | " | — |
| NOL | 97CR49093 | 7/29/98 | " | — |
| NOL | " 57431 | 2/5/98 | " | — |
| NOL | 98CR71665 | 12/3/98 | " | — |
| DWLR | 99CR37947 | 5/19/99 | " | — |
| DWLR | 00CR39593 | 6/29/00 | " | — |
| " | " 50874 | 4/23/01 | " | — |
| " | " 57873 | " | " | — |
| " | 01CR40687 | 10/24/01 | " | — |

AOC-CR-600, Side Two, Rev. 12/97
© 1997 Administrative Office of the Courts

Gov004094



| Plea | File Number | Count No(s) | Offense(s) | Date Of Offense | G.S. No | F/M | CL | !Pun CL | Maximum Punishment |
|---|---|---|---|---|---|---|---|---|---|
| G | 02CRS83088 | 1 | Possess Weapon of Mass Destr. | 9/23/02 | 14-288.8 | F | F | | 59m |

STATE VERSUS: Ryan Wesley Routh
File No: 02 CRS 83088

GUILFORD COUNTY FILED DEC 20 2002

TOTAL MAXIMUM PUNISHMENT: 59 months, Active

Gov004095

| File No. | Count No. (s) | SUPERIOR COURT DISMISSALS PURSUANT TO PLEA ARRANGEMENT Offense(s) |
|---|---|---|
| | | |

| File No. | Count No. (s) | DISTRICT COURT DISMISSALS PURSUANT TO PLEA ARRANGEMENT Offense(s) |
|---|---|---|
| 02CR 81659 | 1 | Poss. Wpn. Mass Destruction |

GUILFORD COUNTY
FILED
DEC 20 2002
/115

### CERTIFICATION BY PROSECUTOR

The undersigned prosecutor enters a dismissal to the above charges pursuant to a plea arrangement shown on the Transcript Of Plea attached.

| Date | Name Of Prosecutor (Type Or Print) | Signature Of Prosecutor |
|---|---|---|
| 12/20/02 | Harry A. Hubbard, III | |

1-7-03 cc DC + JoC

AOC-CR-300, Page Two, Side Two, Rev. 2/2000
© 2000 Administrative Office of the Courts

Gov004096