UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON/McCabe

**UNITED STATES OF AMERICA**

vs.

**RYAN WESLEY ROUTH,**

      **Defendant.**
_____/

## GOVERNMENT'S REPLY IN SUPPORT OF
## MOTION TO PRECLUDE ALIBI EVIDENCE (ECF120)

In his Response (ECF 134), Routh finally acknowledges what we have been asking him to agree to for months – he cannot introduce evidence at trial relating to any potential alibi for his whereabouts at Trump International Golf Club from approximately 1:59 AM until 1:31 PM, on September 15, 2024. He agrees that an order to this effect may be entered, so we ask this Court to enter an order stating expressly that Routh cannot introduce evidence at trial relating to any potential alibi for his whereabouts at the golf course from approximately 1:59 AM until 1:31 PM, on September 15, 2024.[1]

Routh nonetheless insists on saying that his position should not be taken as a stipulation that he was at the golf course as alleged. (ECF 134:2). This defies reason. Routh has already stood before this Court to argue that he must be allowed to "live fire" the rifle because it may not have been working when he brought it to the golf course. (*See* ECF 114). His demand for this exercise assumes that he was at the course on September 15. Likewise, in his response to the Government's motion to admit Rule 404(b) evidence, Routh says he will not object to the

---

[1] If Routh seeks to testify at trial, the Court can address then whether he may testify about any supposed alibi, and if so, under what conditions given his prior non-disclosure.

Government's proof that he fled from his "sniper hide" at the golf course after being shot at by the Secret Service agent.   (ECF 137:10).   If he was not there, how could he have fled?

The Court has directed the parties to engage in a "meaningful" discussion about stipulations to promote a fair and efficient trial.   (*See* ECF 91:7).   If the defense will not even stipulate that Routh was at the crime scene on September 15 during the time alleged, despite conceding he has no alibi evidence to present and also making arguments to this Court that necessarily admit his presence there, the prospects for a "meaningful" conferral about stipulations are dim.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   /s/ *John Shipley*
John C. Shipley
Florida Bar No. 69670
Christopher B. Browne
Florida Bar No. 91337
Maria K. Medetis Long
Florida Bar No. 1012329
Assistant United States Attorneys

U.S. Attorney's Office
Southern District of Florida
99 Northeast 4th Street, 8th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9111
E-mail: John.Shipley@usdoj.gov

SUE BAI
SUPERVISORY OFFICIAL PERFORMING THE
DUTIES OF THE ASSISTANT ATTORNEY
GENERAL FOR THE NATIONAL SECURITY
DIVISION

By:  /s/ *James Donnelly*
James Donnelly, Trial Attorney
Court ID No. A5503278
Department of Justice, National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-0849

**CERTIFICATE OF SERVICE**

The Government filed the foregoing document with the Clerk of the Court using CM/ECF on April 28, 2025.

/s/ *John C. Shipley*
Assistant United States Attorney