UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH**,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S AMENDED MOTION TO DISMISS
COUNTS 4 AND 5 OF THE INDICTMENT UNDER THE SECOND AMENDMENT**

**THIS CAUSE** comes before the Court upon Defendant's Amended Motion to Dismiss Counts 4 and 5 of the Indictment under the Second Amendment [ECF No. 123]. Count 4 charges Defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); Count 5 charges him with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) [ECF No. 21].

The Court has reviewed the Motion, the United States' Opposition [ECF No. 136], and Defendant's Reply [ECF No. 145]. The Court also heard argument on the Motion on May 14, 2025 [ECF No. 158]. Upon full review, the Motion is **DENIED**. Binding Eleventh Circuit precedent forecloses Defendant's facial and as-applied challenges to the constitutionality of 18 U.S.C. § 922(g)(1) as charged in Count 4. Under that same precedent, Defendant cannot show that 18 U.S.C. § 922(k) as charged in Count 5 is unconstitutional in all of its applications, as is required to sustain Defendant's facial challenge.

**DISCUSSION**

I.    **Count 4 – 18 U.S.C. § 922(g)(1)**

Defendant raises a facial and as-applied challenge to 18 U.S.C. § 922(g)(1) as charged in Count 4 [ECF No. 123 p. 15; ECF No. 145 p. 2 n.1]. Defendant agrees, however, that the Eleventh Circuit's decision in *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) ("*Rozier*")—if still binding on this Court—forecloses both of his challenges to Count 4 [ECF No. 150 p. 3; *see* ECF No. 123 p. 15; ECF No. 145 p. 2 n.1].

The United States responds that *Rozier* has not been abrogated by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), or *United States v. Rahimi*, 602 U.S. 680 (2024), as suggested by Defendant, and therefore remains controlling authority in this Circuit [ECF No. 136 pp. 3–6; *see* ECF No. 123 p. 3]. In *Rozier*, the Eleventh Circuit upheld a conviction under 18 U.S.C. § 922(g)(1) in the face of a Second Amendment challenge, determining that the statute constitutionally restricts felons as a class from possessing firearms. 598 F.3d at 771. The Eleventh Circuit has subsequently applied the reasoning in *Rozier* to comparable as-applied challenges. *See Flick v. Att'y Gen., Dep't of Just.*, 812 F. App'x 974, 975 (11th Cir. 2020) ("Our reasoning in *Rozier* applies equally to Flick's as-applied challenge and thus forecloses it.").

The United States is correct that *Rozier* requires denial of Defendant's facial and as-applied challenges to Count 4. Notwithstanding Defendant's suggestions of abrogation, the Eleventh Circuit has made clear that *Rozier* remains good law and must be respected unless and until it is overruled or undermined to the point of abrogation—neither of which has happened. *See United States v. Cole*, No. 24-10877, 2025 WL 339894 at *4 (11th Cir. Jan. 30, 2025) ("We are bound by the prior panel precedent rule to follow *Rozier*. . . . [N]either *Bruen* nor *Rahimi* came close to 'demolish[ing] and eviscerat[ing]' *Rozier*'s 'fundamental props.'") (quoting *Del Castillo v. Sec'y,*

*Fla. Dep't of Health*, 26 F.4th 1214, 1223 (11th Cir. 2022)).[1] Without any basis for this Court to deviate from binding Eleventh Circuit precedent, Defendant's challenge to Count 4 must be denied.[2]

### II.     Count 5 - 18 U.S.C. § 922(k)

Count 5 charges Defendant with violating 18 U.S.C. § 922(k) [ECF No. 21 p. 3]. That provision makes it unlawful for any person to knowingly

> transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(k).

Defendant mounts a facial challenge to Count 5 on the basis of the following arguments: (1) 18 U.S.C. § 922(k) prohibits conduct protected by the Second Amendment, and (2) the United States has not met its burden to prove a historical tradition of firearm regulation consistent with the prohibition in that statute [ECF No. 123 pp. 14–15; ECF No. 145 pp. 7–10]. Although the Eleventh Circuit has not had occasion to address a preserved Second Amendment challenge to 18

---

[1] To the Court's understanding, every post-*Rahimi* Eleventh Circuit decision on 18 U.S.C. § 922(g)(1) has rejected the argument that *Rahimi* or *Bruen* abrogated *Rozier*—and consequently denied Second Amendment challenges to the constitutionality of that provision. *See*, *e.g.*, *United States v. Hayes*, No. 23-10926, 2024 WL 4948971 at *1 (11th Cir. Dec. 3, 2024); *United States v. Hester*, 2024 WL 4100901, at *1 (11th Cir. Sept. 6, 2024); *United States v. Sheely*, 2024 WL 4003394, at *3 (11th Cir. Aug. 30, 2024); *United States v. Thomas*, 2024 WL 3874142, at *3 (11th Cir. Aug. 20, 2024); *United States v. Bass*, 2024 WL 3861611, at *3 (11th Cir. Aug. 19, 2024); *United States v. Johnson*, 2024 WL 3371414, at *3 (11th Cir. July 11, 2024); *United States v. Young*, No. 23-10464, 2024 WL 3466607 at *8 (11th Cir. July 19, 2024), *cert. denied sub nom. Young v. United States*, 145 S. Ct. 1097 (2025).

[2] To the extent further development in this emerging area of the law ultimately calls for or permits a factual review of Defendant's dangerousness in determining the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him, such an inquiry almost certainly would be unavailing to Defendant given his prior felony conviction for possessing a weapon of mass death and destruction [ECF No. 140-1 (certified judgment)].

U.S.C. § 922(k), it is well settled that a litigant raising a facial challenge to the constitutionality of a statute faces a formidable hurdle: establishing that "no set of circumstances" exists in which the challenged provision can be applied without violating the Constitution. *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *see also Rahimi*, 602 U.S. at 693 (applying this standard to a Second Amendment facial challenge to § 922(g)(8)).

Defendant has failed to sustain his facial challenge to 18 U.S.C. § 922(k). Under the controlling law of this Circuit as cited above, a categorical ban on Defendant's possession of a firearm—as a convicted felon—does not offend the Second Amendment. For that baseline reason, Defendant's facial challenge to § 922(k) necessarily fails. *Salerno*, 481 U.S. at 745. In other words, "if he can be constitutionally prohibited from possessing *any* firearm without running afoul of the Second Amendment, then he can surely be prohibited from possessing a discrete subset of firearms—namely, firearms with obliterated serial numbers—without running afoul of it too." *United States v. Price*, 111 F.4th 392, 411–14 (4th Cir. 2024) (Agee, J., concurring in judgment), *cert. denied*, No. 24-5937, 2025 WL 951173 (U.S. Mar. 31, 2025) (emphasis in original); *see also Price*, 111 F.4th at 438 n.20 (Richardson, J., dissenting). Defendant offers no rejoinder to the above analysis beyond reverting to his attack on the categorical prohibition in 18 U.S.C. § 922(g) [ECF No. 158 pp. 10–12]. But retreating to his § 922(g) challenge fails under binding precedent, for the reasons already stated. Indeed, an order declaring § 922(k) unconstitutional in all its applications necessarily would conflict with the Eleventh Circuit's controlling authority in *Rozier*. Defendant's facial challenge to Count 5 is therefore denied. No additional reasoning is required

to decide the Motion. *See generally Whitehouse v. Illinois Central R. Co.*, 349 U.S. 366, 372–373 (1955).

\*\*\*

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Amended Motion to Dismiss Under the Second Amendment [ECF No. 123] is **DENIED**.

**ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of May 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record