## SEALED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON



UNITED STATES OF AMERICA,

    Plaintiff,

    vs.

RYAN WESLEY ROUTH,

    Defendant.

_____/

### RYAN ROUTH'S MOTION TO UNSEAL DE 168, MOTION FOR PUBLIC PROCEEDINGS AND MOTION FOR APPEARANCE BY VIDEO

On June 10, 2025, this Court issued a sealed order (DE 168) setting a sealed hearing on jury selection procedures on July 18, 2025. Ryan Routh objects to both the sealing of the order at DE 168 and to the hearing on June 18, 2025 being conducted under seal. Mr. Routh also requests his appearance be made by video teleconference.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." U.S. Const. amend. VI. "The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions..." *Waller v. Georgia,* 467 U.S. 39, 46 (1984) (quotation marks omitted). "[T]here is a strong societal interest in public trials. Openness in court proceedings may improve the quality of testimony, induce unknown witnesses to

come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system." *Gannett Co. v. DePasquale,* 443 U.S. 368, 383 (1979) *see also In re Oliver,* 333 U.S. 257, 271 (1948) ((quoting Jeremy Bentham of 1 Bentham, Rationale of Judicial Evidence 524 (1827) ("Without publicity, all other checks are insufficient: in comparison of publicity, all other checks are of small account."")).

As part of the right to a public trial, the Sixth Amendment guarantees public jury selection. *Presley v. Georgia,* 558 U.S. 209, 212–13 (2010) (per curiam) (citing *Waller,* 467 U.S. at 46; *Press–Enterprise Co v Superior Court of Cal.,* 464 U.S. 501, 510 (1984). The right to a public trial is not limited to issues that arise after a jury is sworn or to times when the jury is present. *Rovinsky v. McKaskle,* 722 F.2d 197, 201 (5th Cir. 1984). This right extends—at least—to those pretrial hearings and other proceedings that are an integral part of the trial, such as jury selection and motion hearings. *Id.* Jury selection is a critical part of a trial and should not be considered a preliminary or secondary part for purposes of openness. *United States v. Ford,* 824 F.2d 1430, 1436 (5th Cir. 1987).

Mr. Routh also asserts his First Amendment right to have the public and press present for his court proceedings. Chief Justice Burger wrote: "In guaranteeing freedoms such as those of speech and press, the First Amendment can be read as protecting the right of everyone to attend trials so as to give meaning to those explicit guarantees." *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 575 (1980). Furthermore, the First Amendment right to assemble includes the public doing so in

a courtroom. *Id.* at 577-78. "The right to an open public trial is a shared right of the accused and the public, the common concern being the assurance of fairness." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 7 (1986) (*Press-Enterprise II*). Members of the media "are entitled to the same rights as the general public" when it comes to courtroom access. *Estes v. State of Texas, supra*, 381 U.S., at 540. Because Mr. Routh's friends and family reside out of our district, the public and the press become his "agent" to ensure Due Process and fairness at his trial. As such, Mr. Routh has a First Amendment right to their presence. Additionally, because the order at DE 168 was sealed, the public and the press cannot independently litigate their right to be present. As such, it is incumbent on Mr. Routh to assert this right and for the Court to rule in advance of the hearing so that the public and the press have notice of the hearing.

Four criteria must be satisfied to overcome the presumption of openness in a public trial guarantee: (1) "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced"; (2) "the closure must be no broader than necessary to protect that interest"; (3) "the trial court must consider reasonable alternatives to closing the proceeding"; and (4) the trial court "must make findings adequate to support the closure." *Waller,* 467 U.S. at 48. "But [the Supreme Court in] *Waller* cautioned that '[s]uch circumstances will be rare, . . . and the balance of interests must be struck with special care.'" *Smith v. Titus*, 141 S. Ct. 982, 984 (2021) quoting *Waller* 467 U.S. at 45.

In our case, the Court has articulated the righteous interest in "ensur[ing] a fair, uncontaminated, and impartial jury pool using suitable procedures." (DE 168 (Sealed)). But the defense is unclear how this interest will be prejudiced by an open proceeding. Moreover, we believe that a complete sealing of the status conference is not narrowly tailored to protect the identified interest and reasonable alternatives exist. For example, the Court may open the status conference to the public and if a specific matter arises that implicates the identified interest and will prejudice the proceedings, the parties can approach sidebar, and that portion of any transcript may be sealed. As such, Mr. Routh now objects to the order at DE 168 being filed under seal and the June 18, 2025 proceeding being conducted under seal. Mr. Routh specifically requests a public hearing on jury selection procedures.

Lastly, on June 12, 2025, undersigned counsel consulted with Mr. Routh, and he wishes to appear for the June 18, 2025 jury selection procedure hearing by video (teleconference). It is the understanding of undersigned counsel that FDC Miami is equipped to accommodate such a request, as they have accommodated our requests for video visitation with at least two business days' notice. A video conference would alleviate any difficulties in transport and allow the defendant a meaningful opportunity to be present for the hearing.

On June 12, 2025, undersigned counsel requested the position of the government regarding these motions. The government opposes the request to unseal the order at DE 168. The government did not respond with their position to conduct

the hearing on June 18, 2025 publicly. Lastly, the government does not oppose the request for Mr. Routh to appear at the hearing by video.

In conclusion, Mr. Routh respectfully requests this Court unseal the order at DE 168, make the hearing on June 18, 2025 public, and order that Mr. Routh appear at the hearing by videoconference.

Respectfully submitted,

HECTOR A. DOPICO
Federal Public Defender

Kristy Militello
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 0056366
250 South Australian Ave., Suite 400
West Palm Beach, Florida 33401
(561) 833-6288 – Telephone
Kristy_Militello@fd.org

Renee M. Sihvola
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar Number: 116070
109 N 2nd Ave
Ft. Pierce, Florida 34950
(772) 489-2123 - Telephone
Renee_Sihvola@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Renee M. Sihvola