**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-80116-CR-CANNON**

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH,**

Defendant.
_________________________________/

**ORDER ON JURY SELECTION PROCEDURES AND COURTROOM LOGISTICS**

**THIS MATTER** comes before the Court following the June 18, 2025, conference on Jury Selection Procedures [ECF No. 187]. The Court has considered the parties' positions relayed at the conference and reviewed the Joint Report on Jury Selection Procedures and Proposals [ECF No. 172]. Upon such review, and in the exercise of the Court's discretion to manage jury selection in a fair and orderly manner under the circumstances presented, it is hereby **ORDERED AND ADJUDGED** that the following rules shall govern this proceeding:

1. **Trial logistics**. Trial will begin with jury selection on **Monday, September 8, 2025, at 8:30 a.m.** Unless altered by the Court, trial days run from 9:00 a.m. to 5:30 p.m. with the jury, with a minimum one-hour lunch break each day and at least two 15-to-20-minute breaks. Unless otherwise directed, parties and counsel are expected to be in the courtroom at 8:30 a.m. each day to address legal issues outside the presence of the jury. Additional, post-trial sessions may be scheduled after the jury is dismissed for the day, to be announced as needed.

2. **Jury Selection and Jury Questionnaires**. Subject to necessary adjustment, prospective jurors will be randomly divided into three 60-member groups, referred to herein as Groups 1, 2, and 3, for a total of 180 prospective jurors.

a. Jurors shall maintain the same randomly assigned juror number throughout the entirety of jury selection and shall be equipped with paddles/tags clearly displaying their juror number.

b. There shall be no use of juror names in open court at any time. This procedure accords with the parties' request for juror anonymity [*see* ECF No. 172 p. 2] and is necessary in this case to preserve the fair administration of justice and to protect jurors from potential harassment and intimidation. *See United States v. LaFond*, 783 F.3d 1216, 1223 (11th Cir. 2015). To the extent discussion of private juror information may become necessary, the parties shall so advise the Court and recommend appropriate action. Prospective jurors will be advised of this procedure at the earliest practicable opportunity.

c. **Juror questionnaires shall be completed upon arrival on September 8, 2025**. Dissemination of juror questionnaires outside of the prosecution or defense teams, whether blank or completed, is strictly prohibited. A blank juror questionnaire will be provided to the parties at least ten days before trial.

d. **Day 1 (September 8, 2025)**:

   i. Groups 1, 2, and 3 summoned to Fort Pierce Courthouse to complete juror questionnaire at 8 a.m., 10 a.m., and 12 p.m., respectively. Completed questionnaires to be provided to parties on a rolling basis for review in courtroom or in designated courthouse location as determined by the Court.

   ii. Following completion of questionnaires, Groups 2 and 3 dismissed for the day and directed to return to Fort Pierce Courthouse on Day 2 for voir dire as indicated below.

    iii. Group 1 directed to return to Fort Pierce Courthouse at 2 p.m. on Day 1 for Preliminary Jury Selection.

    iv. Preliminary Jury Selection will cover basic introductory information about jury service in a criminal case; courthouse personnel; the parties/counsel; scheduling conflicts for a three-to-four-week trial; English language proficiency; physical or other impairments pertinent to jury service; and appropriate warnings.

    v. Day 1 concludes with for-cause strikes as to Group 1 based on information provided at that time (whether as generated from juror questionnaire or Preliminary Jury Selection) and following argument from parties. Stricken jurors from Group 1 released.

    vi. Still-eligible jurors from Group 1 directed to return to Fort Pierce Courthouse at 2 p.m. on Day 2 for continued voir dire.

e. **Day 2 (September 9, 2025)**:

    i. **8:30 a.m.**: Preliminary Jury Selection with Group 2. For-cause strikes as to Group 2 based on information provided at that time (whether as generated from juror questionnaire or Preliminary Jury Selection) and following argument from parties. Stricken jurors from Group 2 released. Still-eligible jurors from Group 2 directed to return at 8:00 a.m. on Day 3.

    ii. **11:00 a.m.**: Preliminary Jury Selection with Group 3. For-cause strikes as to Group 3 based on information provided at that time (whether as generated from juror questionnaire or Preliminary Jury Selection) and following argument from parties. Stricken jurors from Group 3 released. Still-eligible jurors from Group 3 directed to return at 8:00 a.m. on Day 3.

      iii. **2:00 p.m.**: Voir dire with still-eligible jurors from Group 1. Any additional for-cause strikes addressed as to Group 1; stricken jurors released. Remaining, still-eligible jurors from Group 1 directed to return to Fort Pierce Courthouse on Day 3 at 2:00 p.m.

f. **Day 3 (September 10, 2025)**:

i. **8:30 a.m.**: Voir dire with still-eligible jurors from Groups 2 and 3 (maxed at 60 jurors in courtroom; any additional, still-eligible jurors from Groups 2 and 3 directed to return to Fort Pierce Courthouse at 12 p.m. on Day 3). Following voir dire, any additional for-cause strikes addressed as to Groups 2 and 3; stricken jurors released.

ii. The Court and parties to jointly assess numbers of still-eligible jurors from Groups 1, 2, and 3; if sufficient in light of allotted peremptory challenges, proceed to address peremptory challenges in accordance with Fed. R. Crim. 24(b)(2) plus 3 additional peremptory challenges allotted per side for selection of 4 alternate jurors (no saving of unused peremptory challenges from selection of jurors 1 through 12, and no backstrikes under any circumstances). If additional voir dire is necessary with remaining still-eligible jurors in waiting, conduct voir dire as to that cohort. If unnecessary, determine whether to release remaining jurors or retain for additional period.

iii. **Anticipated completion of jury selection, jury oath, and preliminary jury instructions by the end of Day 3.**

g. **Day 4 (September 11, 2025)**: Opening Statements and Presentation of Witnesses. Completion of trial anticipated no later than **October 3, 2025**, but likely closer to September 29 or 30, 2025.

    h. **There shall be no attorney or party conducted voir dire in this case**. The Court will take due consideration of the parties' proposed **sealed** voir dire questions if timely submitted on before **July 28, 2025** [ECF No. 91 p. 7; ECF No. 109 p. 4; ECF No. 187 p. 26; *see* ECF No. 29 p. 2]. The Court will also afford the parties appropriate opportunities during jury selection to suggest to the Court any additional, specific questions.

3. **Courtroom logistics**. During jury selection, the two rows on the right side of the gallery (viewed from the bench) will be reserved for the public. Jurors in each group will be assembled from lowest juror number to highest, starting in the individual chairs in front of the jury box; continuing through the jury box from right to left; and then proceeding to the left side of the gallery (broken down into three rows, left to right).

4. **Overflow room**: The Court will maintain an overflow room in the courthouse for any media or public who wish to view the proceedings on a first-come, first served-basis through a live feed, subject to any necessary and limited sealing of the proceedings as circumstances unfold. No public telephone line will be provided.

5. Appointed counsel shall expeditiously transmit a copy of this Order to Defendant.

**ORDERED** in Chambers in Fort Pierce, Florida, this 12th day of July 2025.

                                    **AILEEN M. CANNON**
                                    **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record