UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-AMC

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

RYAN WESLEY ROUTH,
    Defendant.
_____/

**RYAN ROUTH'S RESPONSE TO THE GOVERNMENT'S
MOTION IN LIMINE (DE 191)**

Pursuant to this Court's Order at DE 193, undersigned counsel responds to the government's Motion in Limine.[1] The government's motion does not comply with this Court's Order (DE 29) which states that motions in limine "must state with particularity the evidence at issue and the legal and factual basis relevant to disposition of the motion." In particular, the government's motion does not specify with particularity any specific pieces of evidence at issue. Instead, the government presents overbroad, non-specific arguments and seeks advisory rulings from the Court.

Moreover, this type of motion is not ripe, and the Court should refrain from ruling at this point in the proceedings. The government's stated purpose is not a

---

[1] Counsel does not waive Mr. Routh's Sixth and Fourteenth Amendment right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975), nor his filing at DE 198.

1

proper basis for a motion in limine: "keeping trial on track, maintaining jurors' focus on the elements, and preventing violations of the Court's previous orders." DE 191:1.

Judges in this district have held that overbroad motions in limine are disfavored:

> Motions in limine are not designed to give advisory opinions. Moreover, it is difficult to rule in a vacuum without having the opportunity to see the proffered evidence or testimony in perspective with other evidence in the trial. Rather, motions in limine are best limited to those issues the mere mention of which would be so prejudicial that it would deprive a party of a fair trial.

*Barry v. Sam's E., Inc.,* 23-CV-61881-WPD, DE 44:1 (S.D. Fla. 2024). Premature and speculative motions in limine should not be used to attempt to enforce general court rules. *Benavides v. Tesla, Inc.,* 21-CV-21940-BB, DE, 433:33 (S.D. Fla., June 30, 2025). Courts should rule only on motions in limine when they "address specific pieces of evidence that are inadmissible on any relevant ground." *Id.* (citing *Vaughn v. Carnival Corp.,* 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021). Conversely, courts should deny motions in limine when they lack specificity of the evidence to be excluded. *Id.* (citing *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quoting *Nat'l Union v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)).

Otherwise, the grant of an overly broad motion in limine can prevent a defendant from receiving a fair trial to present his theory of defense. *United States v. Lowery,* 135 F.3d 957, 959 (5th Cir. 1998) (reversing conviction for granting the prosecution's overly broad motion in limine that excluded relevant exculpatory evidence to theory of defense). Due process provides a criminal defense to have the

ability to present that theory of defense through witnesses, testimony and exhibits. *United States v. Partin*, 493 F.2d 750, 763 (5th Cir. 1974).

Judge Middlebrooks recognized the potential prejudice to the parties when the court excludes evidence by granting a motion in limine:

> In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds. The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.

*United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) quoting *In re Seroquel Prods. Liab. Litig.,* 2009 U.S. Dist. LEXIS 124798, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009) (internal citations omitted). For all these practical and prudential reasons, Mr. Routh respectfully requests the Court deny the government's motion without prejudice, or, in the alternative, defer ruling until trial.

### I. Request to Exclude all Defendant Statements, Unless Chosen by the Government

The Government's initial request to exclude any of Mr. Routh's statements offered by the Defense is an overbroad request lacking the required specific required for the Court to rule. Indeed, this tactic appears to be another fishing expedition where the government improperly attempts to require the defense to disclose their theory of defense. *See* DE 191:5 ("Routh may contend that some of his statements are not hearsay or come within an exception. He has not yet done so…"). This request is particularly problematic given appointed counsel's unsettled status. The Court should not rule on his request this time.

Furthermore, and highlighting the "in a vacuum" problem courts have identified, the government has not identified all of the defendant's statements that they intend to introduce nor any specific statements that they believe should be excluded. As such, any defense response regarding other evidentiary bases for admission of the defendant's statements would be purely speculative. The Court cannot rule on an objection to any possible piece of defense evidence without examining the particular piece of evidence and the evidentiary basis for admission. This issue is not ripe.

Likewise, the government cannot simply request the Court to discount entire rules of evidence like FRE 106. DE 191:5 ("some defendants also resort to the 'rule of completeness'"). Without the government identifying which portions of the statements that they intend to offer, the Defense cannot state for which portions we would object or other portions that we would seek to admit. The government cannot utilize a motion in limine as an end-round around Rule 16, requiring production or disclosure of potential defense evidence, especially prior to the government disclosing its exhibits. This is the very scenario that *Lowery* warns against. *See* 135 F.3d at 959.

## II. Request to Exclude all Defendant writings, Unless Chosen by the Government

Again, the Government moves for an overbroad, non-ripe ruling to exclude all of Mr. Routh's writings, ignoring any possible theoretical or evidentiary basis the Defense may have to introduce his writing. The only writing that the government has identified that they intend to admit, thus far, is the envelope found at the scene, and one found in North Carolina. Except for point III below, the government has not yet

disclosed if they intend to introduce the letters in their entirety or only portions. In fact, the prosecutors wrote, "the Government may ultimately choose to offer at trial will depend in part upon what the defense does or this Court's rulings." DE 19:7 n.4. But the Defense has no burden of proof and has the right to a complete, private defense. As such, the Defense is unwilling to respond to these improper methods to ferret out evidence we may introduce, if the government does not. Under the Fifth Amendment's Due Process Clause, the Defense does not have the burden of production of evidence for these abstract rulings. The government cannot require the Defense or this Court to act before introducing evidence at trial. The government's request for a ruling on speculative, unidentified evidence in order to reveal the defendant's trial strategy is improper. For this exact reason, motions in limine cannot be used as a mechanism to strip defendants of their Due Process rights.

### III.    Request to admit portion of "Dear World" letter

Finally, the government specified one particular piece of evidence that they seek to introduce: a portion of one letter allegedly written by Mr. Routh and they request the court admit it in advance of trial. Yet, for several reasons, this issue is also not ripe for consideration. To introduce any item of evidence, the party must abide by the Rules of Evidence to establish authenticity, relevance, balance of the prejudice, hearsay, and other considerations. The government bypasses the requirement to first prove the authenticity and nature of the letter itself to establish the author. No relevancy has yet been established, as we are not in trial. Instead, the government requests the Court to skip all of these evidentiary steps and simply conclude that this letter is hearsay and that they would only have the only exception

possible as statement of a party opponent. However, the government does not address all the other hearsay exceptions that Mr. Routh could have for admission and they also fail to acknowledge that portions may be admissible as non-hearsay statements—if they are not being used for the truth of the matter asserted.

Further, if the government establishes the defendant as the author, Rule of Evidence 106—the Rule of Completeness—requires that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, *at that time*, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time. Fed. R. Crim. P. 106 (emphasis added). Rule 106 contemplates that the Court will rule on completeness at trial. The rule "operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement." *United States v. Awon*, 135 F.3d 96, 101 (1st Cir. 1998). Thus, the Rule of Completeness provides for the admission of additional portions of a defendant's statement when the prosecution offers a redacted version that "distorts the meaning of the statement," "excludes information substantially exculpatory of the declarant," or "excludes portions of a statement that are . . . explanatory of [or] relevant to the admitted passages." *United States v. Dorrell,* 758 F.2d 427, 435 (9th Cir. 1985). The additional material would be relevant and necessary to "quality, explain, or place into context the portion already introduced." *United States v. Pendas-Martinez*, 845 F.2d 938, 944 (11th Cir. 1988).

The Court may choose reasonable evidentiary alternatives to satisfy the rule of completeness. *United States v. Mohamed*, 727 F.3d 832, 837 (8th Cir 2013) (quoting *United States v. Webber*, 255 F.3d 523, 526 (8th Cir. 2001)). For example, a district court erred in excluding Defense requested portions of the defendant's interrogation recording that bore on the meaning of the excerpts of the government's portion. *United States v. Lopez*, 4 F.4th 706 (9th Cir. 2021). The Rule of Completeness and other evidentiary rules may warrant additional portions to be admissible at trial, and as the rule contemplates, the Court should rule on that issue at trial.

### IV. Third Party Statements

This issue is, perhaps, the most abstract and unripe. To comply with this Court's pretrial deadlines, Mr. Routh disclosed various pieces of evidence, within its possession, that it *may* use at trial. DE 166. As the defense has no burden of proof, we (or Mr. Routh if he proceeds pro se) may choose not to introduce any of the disclosed evidence as the trial unfolds. Mr. Routh may also seek to introduce various third-party statements that are in the Government's possession. Decisions about whether to put on a defense case are both complex and fluid, requiring ongoing strategy decisions as the trial commences. Furthermore, the rules of evidence do not require the defense to disclose any of our theories for admissibility of any potential evidence in advance of our case.

The government's generic request that the defense follow the rules of evidence is both demeaning and unnecessary. Their statement requesting a motion in limine because they "anticipate" the defense might "ignore this Court's order on

7

justification" is absurd. *See* DE 191:8. The defense has followed all of the Court's rulings.

It is untimely and improper for the government to try and force the defense to disclose any third-party statement that it may introduce during the court of the entire trial, especially where the defense has not yet seen and observed the government's case-in-chief.

### V. Preclusion of Character Evidence or Good Deeds

The government wrongly assumes that the only possible evidentiary basis for Mr. Routh's disclosed potential defense is character evidence. Again, the Defense is not required to state their theory of defense in advance of trial. Regardless, boilerplate exclusion of any possible character evidence is also prohibited by Due Process. While the Government unnecessarily maintains a fear of a character battle, that is not the standard of the Rules of Evidence.

Character evidence is permissible under Federal Rule of Evidence 404(a)(2) to show a pertinent character trait. For example, evidence of pertinent traits like honesty and truthfulness are admissible in a fraud case. *United States v. Hough*, 803 F.3d 1181, 1190-91 (11th Cir. 2015). Character testimony of the defendant's reputation as a law-abiding citizen is admissible when relevant to offense. *United States v. Darland*, 626 F.2d 1235, 1237 (5th Cir. 1980), *appeal after remand*, 659 F.2d 70 (5th Cir. 1981), *cert. denied*, 454 U.S. 1157, (1982). Character evidence may also be admissible under Rule 405(a) if it is essential to proving an element of a defense. *United States v. Barry,* 814 F.2d 1400, 1403 n.6 (9th Cir. 1987) (noting that the defendant could have offered the testimony of character witnesses on the subject of

his general reputation as a law-abiding citizen). Here, the charges include an element of having a specific intent to kill. Thus, pertinent character traits that undermine that very element, such as peacefulness and non-violence, or being a law-abiding citizen are likewise admissible.

Rule 405 governs the methods of proving character when it is admissible. Character evidence may be introduced through testimony about reputation or opinion. Fed. R. Evid. 405. Specific instances of conduct may also be used, but only when character is an essential element of a charge, claim, or defense. *Perrin v. Anderson,* 784 F.2d 1040 (10th Cir. 1986). Again, the Defense had not made a final determination as to whether to introduce any character evidence or any of the defense disclosed evidence pursuant to other evidentiary bases. These decisions will not be made until after the government rests their case. The government's statement that the Court should rule now because "Routh has not identified any particular character trait that he thinks may be at issue, so there is no need to speculate" is improper burden-shifting and the very definition of speculation, as Mr. Routh has no duty to identify such information in advance of trial.

VI. **Request for hearsay statements of Tina Cooper**

The Court cannot admit hearsay statements of Tina Cooper (or Ronnie Jay Oxendine) to avoid calling her as a witness or purposefully waiting to arrest her to make her otherwise unavailable. The government waited to charge Cooper via indictment on March 24, 2025, and agreed for her to enter into a guilty plea on a single count of Trafficking in Firearms, in violation of 18 U.S.C. § 933(a)(1) and (a)(3),

9

on July 7, 2025. *United States v. Tina Cooper*, 25-CR-00097-TDS, DE 1, 14, 16 (M.D.N.C. 2025). Likewise, the government waited to charge Oxendine via Indictment on March 24, 2025, and agreed for him to enter into a guilty plea to unlawful possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), on June 10, 2025. *United States v. Ronnie Jay Oxendine,* 25-CR-000108-1, DE 10, 11, 14 (M.D.N.C. 2025). Neither of their sentencing hearings are yet scheduled.

To admit a coconspirator's statements under Federal Rule of Evidence 801(d)(2)(E), the government must first establish three elements by a preponderance of the evidence. They must prove that "(1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003). Here, the government cannot prove any of these three elements are satisfied. Cooper did not plead guilty to a conspiracy under 18 U.S.C. § 371. Instead, she pled solely to Count 2, violation of Title 18, United States Code, Section 933(a)(1) and (a)(3) for trafficking in firearms and in exchange the government agreed not to pursue charges related to obstruction of justice. *United States v. Tina Cooper*, at DE 14:6. Routh is entitled to cross-examine on this deal to avoid obstruction and other federal charges, Cooper's incentive to provide the government with favorable testimony at trial, and other related impeachment information.

Furthermore, the government's introduction of these statements without Mr. Routh's ability to cross-examine the witnesses would violate the Sixth Amendment's

10

Confrontation Clause, whether such statements are testimonial or not. Mr. Routh understands that in *Crawford v. Washington,* 541 U.S. 36 (2004), the Supreme Court held that consistent with the Confrontation Clause guarantee, a "testimonial" statement made by a declarant who does not testify at trial is admissible against an accused *only* if the declarant is unavailable, and the accused was afforded a prior opportunity for cross-examination. *Id.* at 59, 68-69. And he recognizes that the Eleventh Circuit has ruled that FRE 801(d)(2)(E) statements are non-testimonial and therefore not within *Crawford*'s strictures. *See, e.g., United States v. Underwood*, 446 F.3d 1340, 1347 (11th Cir. 2006).

Notwithstanding, recent scholarship "casts doubt on key aspects of *Crawford*'s reasoning. *Franklin v. New York*, 604 U.S. ___, 145 S. Ct. 831, 832 (2025) (Alito, J., respecting the denial of certiorari). In *Franklin*, Justice Gorsuch provided a brief summary of the scholarship and issue:

> Beginning in the 16th century, Parliament required magistrates "to examine suspects and witnesses" before trial and to "certify the results to the court." Apparently, an important purpose of those examinations was to ensure that the defendant and key witnesses would appear at trial, not to generate admissible evidence. Still, prosecutors sometimes introduced those examinations at trial instead of calling live witnesses, effectively denying defendants a chance to cross-examine their accusers. By the founding, the common law had largely turned against that practice.
>
> Recognizing as much, this Court in *Crawford* held that the "use of *ex parte* examinations as evidence against the accused" was one of the "principal evil[s] at which the Confrontation Clause was directed." Now return to Mr. Franklin's case. The Court of Appeals applied the primary-purpose test to approve something that looks very similar to what the Confrontation Clause was adopted to prevent—the use at trial of a pretrial examination as evidence against the accused "in lieu of live testimony" subject to cross-examination.

11

*Franklin*, 145 S. Ct. 831, 834 (Gorsuch, J., respecting the denial of certiorari) (cleaned up).

> Justice Gorsuch then concludes:
>
> The primary-purpose test came about accidentally. It has caused considerable confusion. This Court has never sought to justify it on the basis of the Sixth Amendment's text or original meaning. Nor, for that matter, is it easy to see how one might. The Sixth Amendment guarantees "the accused ... the right ... to be confronted with the witnesses against him." What matters, as I read those words, is not the *purpose* for which an out-of-court statement was originally created, but whether the government seeks to *use* a witness's statement at trial against a defendant in lieu of live testimony.

*Id*. at 836 (Gorsuch, J., respecting the denial of certiorari) (cleaned up).

> Finally, Justice Gorsuch proposed a solution:
>
> When it comes to vindicating many other guarantees in the Bill of Rights, we have eschewed "ambitious, abstract, and ahistorical" tests in favor of ones grounded in the constitutional text and the common law that informed it. Perhaps we should consider doing the same here. As we recognized in *Crawford*, the Sixth Amendment enshrined a pre-existing right to confront one's accusers at trial, and its broad language "admit[s] only those exceptions established at the time of the founding." In other words, the Amendment established a presumption that prosecutors cannot use out-of-court statements against a defendant without an opportunity for cross-examination, a presumption prosecutors can overcome only by identifying some historically recognized exception to the general rule.

*Id*. at 836 (Gorsuch, J., respecting the denial of certiorari) (cleaned up).

To preserve this issue for appellate review, Mr. Routh contends that the "framing-era evidence doctrine imposed a virtually total ban against using unsworn hearsay evidence to prove a criminal defendant's guilt." Thomas Y. Davies, *Not "The Framers' Design": How the Framing-Era Ban Against Hearsay Evidence Refutes the*

12

*Crawford-Davis "Testimonial" Formulation of the Scope of the Original Confrontation Clause*, 15 J.L. & Pol'y 349, 351–52 (2007). While framing-era law did permit some hearsay evidence to be admitted regarding certain specific issues in civil lawsuit trials, those exceptions were not understood to apply to criminal trials. *Id*. Instead, as of 1789, a dying declaration of a murder victim was the only kind of unsworn out-of-court statement that could be admitted in a criminal trial to prove the guilt of the defendant. Because Cooper's (and Oxendine's) statements would not be admissible in 1789, Mr. Routh asserts that under a proper originalist view of the Sixth Amendment, these unsworn, out-of-court statements would violate Mr. Routh's Confrontation Clause right.

## VII. Punishment

As discussed in the government's certificate of service, undersigned counsel is open to agreed language, prohibiting both parties from discussing potential punishment. However, Mr. Routh, if he proceeds pro se, has not agreed to such a stipulation.

## VIII. Preclusion of the Defense of Abandonment in Opening or Voir Dire

In accordance with the Court's prior rulings, the issue of abandonment is to be decided at trial. DE 181: 3-4. As such, the Defense must be able to voir dire the jury (or request questions thereof) and present opening statements on that theory of defense if it chooses to pursue it. Again, the government is asking this Court for a pre-trial ruling to preclude this possible defense at trial by preventing the Defense from ever discussing it. Without any discussion during voir dire, it is impossible to

13

know whether the jurors would accept abandonment as a legal defense, if the Court ordered such an instruction be provided to the jury. Furthermore, whether this defense is ultimately pursued remains in flux, as Mr. Routh may pursue his own defense strategy.

### IX. Preclusion of information related to the security of the President

The Defense agrees not to seek to introduce or illicit evidence in the public record for the purpose of compromising anyone's safety. The Defense intends to engage in robust cross-examination, which may include impeachment of law enforcement if they were remiss in their duties. If any defense question could potentially compromise safety, then the defense submits the proper protocol would be for the government to object and then the Court address the issue in a sealed hearing. Again, these are stipulations by undersigned counsel only, as Mr. Routh wishes to proceed pro se.

WHEREFORE, the Defense requests this Honorable Court to deny the contested portions of the Government's Motion in Limine.

Respectfully submitted,

HECTOR A. DOPICO
Federal Public Defender

| | |
|---|---|
| *s/ Kristy Militello* | *s/Renee M. Sihvola* |
| Kristy Militello | Renee M. Sihvola |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| Attorney for the Defendant | Attorney for the Defendant |
| Florida Bar No. 0056366 | Florida Bar Number: 116070 |
| 250 South Australian Ave., Suite 400 | 109 N 2nd Ave |
| West Palm Beach, Florida 33401 | Ft. Pierce, Florida 34950 |
| (561) 833-6288 – Telephone | (772) 489-2123 - Telephone |
| Kristy_Militello@fd.org | Renee_Sihvola@fd.org |

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Renee Sihvola*
Renee Sihvola