UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON/McCabe

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

    Defendant.

_____/

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTIONS FOR "SUPPORT" (ECF NO. 228 AND ECF NO. 232)

In these *pro se* pleadings, the Defendant makes several requests and complaints.

He first asks that the defense witnesses be "sealed." We are unclear what he means. The Court has not yet set a deadline for disclosure of defense witnesses, although typically that disclosure would be made, openly, no later than the start of the defense case. To the extent he is seeking sealed testimony from his witnesses, the Government objects to sealing trial proceedings for that purpose.

He next asks to be provided certain discovery items and/or trial exhibits. As we told the Court at the pretrial conference on August 8, the Government will make available to the Defendant and standby counsel at calendar call on September 2 a hard copy set of marked trial exhibits. (The Defendant agreed that he would do the same for his proposed exhibits.) In the meantime, the Government's exhibit list provided to the Defendant and standby counsel on July 28 identifies each item of prospective trial evidence by bates-number and/or description, so the Defendant (with the assistance as appropriate of standby counsel) may obtain these items himself.

1

Routh next says that he does not have all of the discovery. We assume he is referring to copies of discovery from his former counsel. The Government cannot speak to that issue, although we have no reason to doubt standby counsel's representations in Court that the discovery has been supplied.

Routh's remaining requests are not subjects that the prosecution can resolve. We take no position on any accommodations that the Court and the Bureau of Prisons find are appropriate and safe to ease the Defendant's trial preparation. The Court has properly required the Defendant to confirm on the record that he knows that his decision to go *pro se* at this late date means that his trial preparation may be impacted.

Finally, Routh's requests for payments to his proposed expert witnesses is not a topic we can address, beyond restating the objections we have made already elsewhere to trial testimony from these witnesses.

                                      Respectfully submitted,

                                      JASON A. REDING QUIÑONES
                                      UNITED STATES ATTORNEY

By:    /s/ *John Shipley*
        John C. Shipley
        Florida Bar No. 69670
        Christopher B. Browne
        Florida Bar No. 91337
        Maria K. Medetis Long
        Florida Bar No. 1012329
        Assistant United States Attorneys

        U.S. Attorney's Office
        Southern District of Florida
        99 Northeast 4th Street, 8th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9111
        E-mail: John.Shipley@usdoj.gov

                    JOHN A. EISENBERG
                    ASSISTANT ATTORNEY GENERAL FOR THE
                    NATIONAL SECURITY DIVISION

By:    */s/ James Donnelly*
        James Donnelly, Trial Attorney
        Court ID No. A5503278
        Department of Justice, National Security Division
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Telephone: (202) 514-0849

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2025, I filed the foregoing response with the Clerk of Court using CM/ECF. I FURTHER CERTIFY that a copy of the response was mailed, via United States mail to *pro se* Defendant Ryan Wesley Routh at the address below.

/s/ *John C. Shipley*
Assistant United States Attorney

Ryan Wesley Routh, *pro se*
Reg. No. 35967-511
FDC Miami
Federal Detention Center
P.O. Box 019120
Miami, Florida 33101