UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80116-CR-CANNON

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH,**

    Defendant.
_____/

### ORDER FOLLOWING PRETRIAL CONFERENCE AND IN ANTICIPATION OF CALENDAR CALL

**THIS MATTER** comes before the Court following the Pretrial Conference held on August 8, 2025 [ECF No. 225].[1] The Court discussed various trial-related topics with the parties. *Pro se* Defendant Ryan Routh also presented four motions to the Court, now docketed as separate entries [ECF Nos. 226, 228, 229, 232].[2] The first is a Motion under Rule 17 to issue subpoenas to witnesses and pay their travel expenses [ECF No. 226].[3] The second is a Motion in which *pro se* Defendant seeks payment and travel expenses for his expert witness Michal A. McClay, Jr., along with two

---

[1] There is no transcript of the Pretrial Conference on the docket. References to the associated transcript use the following convention: Tr. __.

[2] As is clear from the face of the docket—and as relayed to *pro se* Defendant in connection with his request for self-representation—the deadline to file pre-trial motions expired months ago [ECF No. 91 p. 6 (setting April 7, 2025, as the pre-trial motions deadline); ECF No. 109 p. 4 (setting April 29, 2025, for *Daubert* motions and July 8, 2025, for motions *in limine*); ECF No. 197 pp. 29–30 (expressly conveying to *pro se* Defendant that pre-trial motions deadline expired and would not be lifted or extended); *see also* ECF No. 206 pp. 4, 21]. The Court nevertheless permitted *pro se* Defendant to file the motions for the Court's consideration. The Court expresses no substantive opinion in this Order on the untimeliness or merits of any of the new motions.

[3] The proposed subpoenas are filed under seal and *ex parte* [ECF No. 227]. The Court conducted a limited, sealed, *ex parte* discussion with *pro se* Defendant on August 8, 2025, regarding the proposed subpoenas [Tr. 37–56] and will enter a separate order addressing these proposed subpoenas.

additional purported expert witnesses, Dr. Heather Holmes, and Dr. Rodolf Buigas [ECF No. 228; *see* ECF No. 224]. The third motion is a Motion to Compel the Expert Testimony of Drs. Holmes and Buigas [ECF No. 229].[4] And the fourth motion contains various miscellaneous requests related to *pro se* Defendant's access to discovery, a computer, and a printer, along with a request for certain government exhibits [ECF No. 232]. The United States has filed Responses in Opposition to three of these Motions [ECF Nos. 236, 237]. Orders on those Motions are forthcoming.

To memorialize various topics discussed made at the Pretrial Conference, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. On or before the **Calendar Call** on **September 2**, **2025** [ECF No. 91]:

    a. The parties shall provide any additional stipulations to the Court;[5]

    b. The United States shall transmit to *pro se* Defendant copies of all marked exhibits to be used at trial.[6] The Court will provide *pro se* Defendant an opportunity at calendar call, through a recess if appropriate, to indicate whether he has no objection to particular Government exhibits and may entertain pre-admission of certain uncontested exhibits during calendar call; and

    c. In accordance with the Court's Scheduling Order [ECF No. 29], and as confirmed at the hearing, *pro se* Defendant shall provide copies of his exhibit and witness lists to

---

[4] *Pro se* Defendant requests in this Motion that Dr. Holmes' psychological evaluation be filed under seal but not ex parte [ECF No. 229]. The Court granted that request in open court, and Dr. Holmes's evaluation is now made part of the sealed record in this case [ECF No. 230]. Dr. Buigas' psychological evaluation was already filed under seal on July 10, 2025, and has since been transmitted to the United States by agreement of *pro se* Defendant [ECF No. 192-1; *see* Tr. 31].

[5] The United States gave to *pro se* Defendant additional proposed stipulations to review prior to Calendar Call. *Pro se* Defendant shall be prepared at Calendar Call to indicate any agreement on those additional stipulations.

[6] These exhibits should be placed in marked manila folders, without staples or paper/binder clips.

2

  the United States and the Court. To the extent clear issues arise from the content of those documents, the United States may raise appropriate argument at calendar call.

2. Counsel for all parties and *pro se* Defendant shall appear in formal business attire at all times during all court proceedings. *Pro se* Defendant shall make appropriate clothing arrangements prior to trial, as discussed during the conference [Tr. 22–23].

3. The Court has separately entered an Order on Anonymization of Jury and Partial Sequestration [ECF No. 233].

4. Each party is allotted **40 minutes** for opening statements at trial.

5. *Pro se* Defendant is reminded that statements and arguments of the lawyers, including *pro se* parties acting in the role of a lawyer, are not evidence. The purpose of an opening statement "is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole." *United States v. Dinitz,* 424 U.S. 600, 612 (1976); *see also United States v. Lizon-Barias*, 252 F. App'x 976, 978 (11th Cir. 2007) ("[O]pening statement gives counsel the opportunity to state what evidence will be presented in order to make it easier for the jurors to understand what is to follow, and is not an occasion for argument."). **Importantly, the parties must avoid referring to evidence during opening statements "that is even of questionable admissibility" or that exceeds any Court order or the Federal Rules of Evidence**. *Lizon-Barias*, 252 F. App'x at 978 (citing *United States v. Adams*, 74 F.3d 1093, 1097 (11th Cir. 1996)). Failure to comply may result in sanctions, including an order directing the jury to strike all or part of any party's opening statement. *See United States v. Prater*, 462 F. App'x 859, 863–84 (11th Cir. 2011); *United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990).

6. Lastly, as a matter of recordkeeping, the Court has provided Defendant with copies of Court filings following his authorized *pro se* status [ECF No. 208]. Separately, the Court has

ordered standby counsel to expeditiously transmit all Court filings and orders to *pro se* Defendant—a directive that remains in place [ECF Nos. 209, 238].[7]  At the Pretrial Conference, Defendant confirmed that he has computer access to the discovery in the case but requested greater printer access to assemble documents for trial [Tr. 9, 11].  Since the Pretrial Conference, the Court has entered an Order Directing Additional Printer Access for *Pro Se* Defendant [ECF No. 238].  Any additional issues regarding *pro se* Defendant's access to discovery and tools for trial preparation will be addressed in a written order to follow on the miscellaneous motion [ECF No. 232] and/or addressed during trial as necessary.

**ORDERED** in Chambers in Fort Pierce, Florida, this 19th day of August 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record / standby counsel

Ryan Routh, *pro se* (via standby counsel)

---

[7] The United States is also separately mailing its filings to *pro se* Defendant [*e.g.*, ECF Nos. 236, 237, 239].