**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-80116-CR-CANNON**

**UNITED STATES OF AMERICA**,

v.

**RYAN WESLEY ROUTH,**

    Defendant.
_____/

**ORDER ON *PRO SE* DEFENDANT'S MISCELLANEOUS MOTION**

**THIS MATTER** comes before upon *pro se* Defendant's "Request to Seal Defense Witnesses and Need General Support, Tools, and Documents to Facilitate the Case" (the "Motion") [ECF No. 232].  The United States filed a Response [ECF No. 237].  Upon review of the Motion, the Response, and the full record, the Motion [ECF No. 232] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The request to seal all defense witnesses is **denied** to the extent Defendant seeks an indefinite seal on the identity of all defense witnesses but is otherwise **granted** in accordance with the Court's prior orders.  Exhibit and witness lists for both sides will be made public in the normal course in connection with calendar call on September 2, 2025, absent a particularized basis to warrant additional shielding.  Defendant's prior *ex parte* application for Rule 17(b) subpoenas remains sealed in accordance with the rule, to be made public in connection with calendar call as stated above [ECF No. 227; *see* ECF Nos. 242–43].

2. The request for copies of the United States' exhibits is **granted**.  The United States has already provided its exhibit list to Defendant and identified all such documents with Bates numbers

[ECF No. 237 p. 1]. As previously ordered, the United States shall provide copies of its exhibits to Defendant and standby counsel during calendar call [ECF No. 240].

3. The request for printer access is **denied as moot** in light of the Court's Order Directing Additional Printer Access [ECF No. 238].

4. The statement in the Motion regarding access to discovery is **denied and/or denied as moot**. As the Court noted, consistent with the record, Defendant has access to all discovery in this case [ECF No. 240]. Standby counsel remains under Court direction to transmit all filings to Defendant [ECF Nos. 209, 220]. To the extent Defendant believes he is missing any particular piece of discovery, he may specify the particular request via appropriate motion.

5. The miscellaneous request in the Motion for office supplies is **denied without prejudice and/or denied as moot**. Since granting Defendant's motion to proceed *pro se* on July 24, 2025 [ECF No. 208], the Court has provided him with paper copies of all public filings on the entire docket sheet up to that point, including those issued prior to his termination of counsel; ordered standby counsel to expeditiously transmit to Defendant all public docket entries filed on or after July 24, 2025 [ECF Nos. 209, 220]; confirmed that Defendant has been provided with all discovery in the case; and confirmed that Defendant has access to both a computer and a printer [ECF No. 238]. It is thus unclear what specific unresolved relief Defendant is seeking in the Motion [ECF No. 232]. Insofar as Defendant raises a generalized complaint about the nighttime noise in the St. Lucie County Jail, the Motion contains no particularized request for relief than can be resolved by this Court on the current showing.[1]

---

[1] As a courtesy, the Court inquired of the U.S. Marshals Service and has been advised that Defendant's placement at the St. Lucie County Jail for trial commencing on September 8, 2025, provides the most suitable arrangement for adequate access to discovery and reduced noise within the facility. With the exception of one or two nights in connection with multi-day pretrial hearing(s), Defendant has been detained pretrial at FDC-Miami.

6. Finally, Defendant's request for the payment of fees and expenses as to Michael McClay, Dr. Heather Holmes, and Dr. Rodolfo Buigas is **granted in part and denied in part**. As further explained in a separate Order Denying Defendant's Motion to Compel Defense Doctor Expert Witnesses [ECF No. 249], Drs. Buigas and Holmes are not permitted to testify as experts (or otherwise) in this case. The instant motion is therefore **denied** as to Drs. Buigas and Holmes. The motion is **granted** as to McClay, the only expert for whom payment is appropriate, as noted in a separate Order [ECF No. 250; *see* ECF No. 224 (Order denying United States' *Daubert* motion to exclude McClay)].

**ORDERED** in Chambers in Fort Pierce, Florida, this 1st day of September 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record / standby counsel

Ryan Routh, *pro se* (via standby counsel)