UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80116-CR-CANNON/McCabe

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

    Defendant.
_____/

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO ADMIT LETTERS (ECF No. 261)**

    The Court has already denied this motion (ECF No. 261) with respect to two of the three self-serving letters proposed by the Defendant. (*See* ECF No. 265 (paperless order)). In its paperless Order, the Court also stated that it would reserve ruling on the admissibility of any portions of the third letter – the so-called "Dear World" letter – until trial, except for the first three sentences. (*See id.*).

    That approach is sound, but to be clear, the United States opposes the Defendant's request to admit any portion of the Dear World letter beyond the first three sentences. That has been our position to date, and remains our position having considered the various alternative proposals put forward by the Defendant during the Calendar Call on September 2, 2025.

    First, the request is untimely. If the defense wanted any portion of the letter admitted before trial, it could have filed a motion in limine by the July 8, 2025 deadline (as we did for the first three sentences).

    Second, the defendant's request is too amorphous. We do not yet have the transcript of the

Calendar Call, but at various moments the Defendant asked the Court to admit (1) all of page 12, (2) certain words in page 12 referring to his attempt or desire "to shred his airplane," and/or (3) his signature line on page 12.

Third, none of these possible excerpts is admissible. The Defendant has not met his burden of showing that any of them would be admissible as something other than self-serving hearsay precluded by the Rules of Evidence and by this Court's Orders. (*See* ECF No. 252:3-4).

Fourth, none of the possible excerpts is relevant on a theory of "completeness." In its order on the Government's motion in limine, the Court essentially already rejected such a claim, writing that: "As a general matter, based on the Court's independent review of the entire letter, any potential relevance beyond page 1 is questionable at best. Nor does there appear to be anything in the balance of the letter whose introduction seems necessary to explain the context of the first page." (ECF. No. 252:4).

For all of these reasons, among others, the Court should not admit any language from page 12 of the Dear World letter unless and until the Government introduces other portions of the letter beyond the first three sentences that make page 12 necessary on a completeness theory, or other evidence at trial makes contents on page 12 relevant and admissible despite the hearsay rules.

Finally, the Court should instruct the Defendant not to make any reference to other parts of the letter – or even the existence of other parts of it – during opening statement or at any other point during trial until circumstances change. The Court has already reminded the Defendant repeatedly that he cannot refer to inadmissible evidence in his arguments or witness questioning. We nonetheless request a <u>specific</u> admonition that Routh cannot tell the jury that other parts of the Dear World letter exist, refer to those other portions unless they are admitted as evidence, or

2

suggest to the jury that the Court or the prosecution is "denying" the jury access to them. The jury should not be misled into speculating falsely that the Court's application of the Rules of Evidence is "hiding" evidence from jurors – a suggestion Routh has made already multiple times in his *pro se* pleadings.

                                                      Respectfully submitted,

                                                      JASON A. REDING QUIÑONES
                                                      UNITED STATES ATTORNEY

By:     /s/ *John Shipley*
           John C. Shipley
           Florida Bar No. 69670
           Christopher B. Browne
           Florida Bar No. 91337
           Maria K. Medetis Long
           Florida Bar No. 1012329
           Assistant United States Attorneys

           U.S. Attorney's Office
           Southern District of Florida
           99 Northeast 4th Street, 8th Floor
           Miami, Florida 33132-2111
           Telephone: (305) 961-9111
           E-mail: John.Shipley@usdoj.gov

           JOHN A. EISENBERG
           ASSISTANT ATTORNEY GENERAL FOR THE
           NATIONAL SECURITY DIVISION

By:     /s/ *James Donnelly*
           James Donnelly, Trial Attorney
           Court ID No. A5503278
           Department of Justice, National Security Division
           950 Pennsylvania Avenue, NW
           Washington, DC 20530
           Telephone: (202) 514-0849

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on September 4, 2025, I filed the foregoing response with the Clerk of Court using CM/ECF.  I FURTHER CERTIFY that a copy of the response was mailed, via United States mail to *pro se* Defendant Ryan Wesley Routh at the address below.

                 /s/ *John C. Shipley*
                 Assistant United States Attorney

Ryan Wesley Routh, *pro se*, Reg. No. 35967-511
Federal Detention Center
Inmate Mail/Parcels
P.O. Box 019120
Miami, Florida 33101