UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **24-80116-CR-CANNON**

UNITED STATES OF AMERICA,
    Plaintiff,
vs,

Ryan Wesley Routh ,
    Defendant.
_____/

DEFENDANT RYAN WESLEY ROUTH'S OBJECTION TO P.S.R. AND REQUEST FOR A SENTENCING VARIANCE

    Defendant Ryan Wesley Routh, through undersigned counsel files his objections and his request for a sentencing variance as follows:

    By virtue of the Defendant's entry of a not guilty plea in this case defendant has denied the facts set forth in the offense conduct portion of the Presentence Investigation Report (PSR). Defendant recognizes that he was found guilty by the jury but asserts that the jury was misled by his inability to effectively confront witnesses, use exhibits or affirmatively introduce impeachment evidence designed to prove his lack of intent to cause injury to anyone. Defendant therefore disputes and objects to the facts stated in the PSR offense conduct section, paragraphs 4-41. Defendant denies he acted with the intent to kill a presidential candidate alleged in paragraphs 42-44.

    Defendant does not object to the PSR finding an adjusted offence level of 43. He objects to the PSR assigning a criminal history category of VI when he actually scored zero criminal history points. The PSR incorrectly assigns a criminal history of VI applying U.S.S.G. sec.

3A1.4, for committing an act of terrorism. An "act of terrorism" is defined by statute at 18 U.S.C. Section 2332(g)(5). That statute provides as follows:

"(g)Definitions.—As used in this section—

(5)the term "Federal crime of terrorism" means an offense that—
(A)
is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and
(B)is a violation of—
(i)
section 32 (relating to destruction of aircraft or aircraft facilities), 37 (relating to violence at international airports), 81 (relating to arson within special maritime and territorial jurisdiction), 175 or 175b (relating to biological weapons), 175c (relating to variola virus), 229 (relating to chemical weapons), subsection (a), (b), (c), or (d) of section 351 (relating to congressional, cabinet, and Supreme Court assassination and kidnaping), 831 (relating to nuclear materials), 832 (relating to participation in nuclear and weapons of mass destruction threats to the United States) [2] 842(m) or (n) (relating to plastic explosives), 844(f)(2) or (3) (relating to arson and bombing of Government property risking or causing death), 844(i) (relating to arson and bombing of property used in interstate commerce), 930(c) (relating to killing or attempted killing during an attack on a Federal facility with a dangerous weapon), 956(a)(1) (relating to conspiracy to murder, kidnap, or maim persons abroad), 1030(a)(1) (relating to protection of computers), 1030(a)(5)(A) resulting in damage as defined in 1030(c)(4)(A)(i)(II) through (VI) (relating to protection of computers), 1114 (relating to killing or attempted killing of officers and employees of the United States), 1116 (relating to murder or manslaughter of foreign officials, official guests, or internationally protected persons), 1203 (relating to hostage taking), 1361 (relating to government property or contracts), 1362 (relating to destruction of communication lines, stations, or systems), 1363 (relating to injury to buildings or property within special maritime and territorial jurisdiction of the United States), 1366(a) (relating to destruction of an energy facility), 1751(a), (b), (c), or (d) (relating to Presidential and Presidential staff assassination and kidnaping),

**1992 (relating to terrorist attacks and other acts of violence against railroad carriers and against mass transportation systems on land, on water, or through the air), 2155 (relating to destruction of national defense materials, premises, or utilities), 2156 (relating to national defense material, premises, or utilities), 2280 (relating to violence against maritime navigation), 2280a (relating to maritime safety), 2281 through 2281a (relating to violence against maritime fixed platforms), 2332 (relating to certain homicides and other violence against United States nationals occurring outside of the United States), 2332a (relating to use of weapons of mass destruction), 2332b (relating to acts of terrorism transcending national boundaries), 2332f (relating to bombing of public places and facilities), 2332g (relating to missile systems designed to destroy aircraft), 2332h (relating to radiological dispersal devices), 2332i (relating to acts of nuclear terrorism), 2339 (relating to harboring terrorists), 2339A (relating to providing material support to terrorists), 2339B (relating to providing material support to terrorist organizations), 2339C (relating to financing of terrorism), 2339D (relating to military-type training from a foreign terrorist organization), or 2340A (relating to torture) of this title;
(ii)
sections 92 (relating to prohibitions governing atomic weapons) or 236 (relating to sabotage of nuclear facilities or fuel) of the Atomic Energy Act of 1954 (42 U.S.C. 2122 or 2284);
(iii)
section 46502 (relating to aircraft piracy), the second sentence of section 46504 (relating to assault on a flight crew with a dangerous weapon), section 46505(b)(3) or (c) (relating to explosive or incendiary devices, or endangerment of human life by means of weapons, on aircraft), section 46506 if homicide or attempted homicide is involved (relating to application of certain criminal laws to acts on aircraft), or section 60123(b) (relating to destruction of interstate gas or hazardous liquid pipeline facility) of title 49; or
(iv)
section 1010A of the Controlled Substances Import and Export Act (relating to narco-terrorism)."
( highlight added).**

The statutory definition of "federal crime of terrorism" does not include the crime of attempt to assassinate a major presidential candidate. That language is

conspicuously absent from the statutory definition. The victim in this case was certainly a major presidential candidate as provided in 18 U.S.C. section 351. That alone does not bring the offense within the meaning of a federal crime of terrorism necessary for the application of the level VI criminal history category. That incorrect finding would likely impact on the Bureau of Prisons placement of Mr. Routh and limit hid rehabilitation opportunities.

 Defendant asserts that a corrected Guidelines calculation would place Mr. Routh at a total adjusted offense level of 43 and a criminal history category of Level I. The corrected calculation still places the defendant in a sentencing range of life. Any variance reduction from the Guidelines advisory range would result in a sentence providing a term of years. Defendant recognizes that count Two carries an additional seven-year prison sentence consecutive to any other imposed term of imprisonment.

 Defendant requests a variance to a sentence below the Guideline range. Defendant requests the Court to consider all of the 18 U.S.C. 3553(a) factors. Although the crimes of conviction are serious offenses, this was an unsuccessful attempt that caused no harm to the presidential candidate, his staff or to Secret Service agents. The defendant scores zero actual criminal history points. His amount and type of prior arrests support the findings of personality disorder documented in the Mental and Emotional section of the P.S.R. paragraphs 154-159

which recommends he receive mental health treatment in custody. The defendant is amenable to receiving treatment in the custody of Bureau of Prisons.

The defendant is two weeks short of being sixty (60) years old. A just punishment would provide a sentence long enough to impose sufficient but not excessive punishment, and to allow defendant to experience freedom again as opposed to dying in prison. A term of years is sufficient to afford adequate deterrence to criminal conduct and would protect the public from further crimes by the defendant. A term of 20 years, followed by the required 7 year mandatory sentence required by Count two would be sufficient to meet the need for punishment, provide the defendant with correctional treatment and provide for mental health treatment in a custodial setting. Defendant would be in custody into his eighties and would not pose any threat to cause harm to the public.

WHEREFORE, for the reasons stated, defendant files his objections and his request for a variance.

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed using the CM/ECF filing portal to the Clerk of the Court and to all parties of record on this __15th___ day of January, 2026.

Respectfully submitted,

Martin L. Roth, Esq.
980 North Federal Highway.
Suite 110

Boca Raton, FL 33432
Office (954) 745-7697
Mobile: (954) 815-9966

/s/ ***MARTIN L. ROTH***
Florida Bar No.: 265004